HIMEBAUCH, Respondent, vs. LUDTKE, Appellant.

*October 11—November 15, 1949.*

*Vilas H. Whaley* of Racine, for the appellant.

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *Leonard P. Baumblatt.*

ROSENBERRY, C. J. We have taken due note of the argument made on behalf of the plaintiff to the effect that an order granting a new trial in the interests of justice is highly discretionary and will not be reversed unless there is an abuse of discretion. It is also true that an order granting a new trial in the interests of justice will be reversed where the evidence in the record is not sufficient under any view to sustain a finding of negligence, and a verdict should have been directed. *Crombie v. Powers* (1930), 200 Wis. 299, 227 N. W. 278.

Upon this appeal we are concerned only with the evidence relating to the negligence, if any, of the defendant. The facts are as follows:

On the 7th day of July, 1947, at 6:30 o'clock p. m. the plaintiff was operating a Chevrolet automobile in a southeasterly direction on Highway 83 in Racine county. As Highway 83 approaches an intersection with Highway 20, which runs due east and west, it makes a curve but does not cross Highway 20 but merges with it. The situation can be best understood by reference to Exhibit G which is reproduced herewith.

There is an arterial sign on the south side of Highway K approaching the intersection from the west. There are no other stop signs at the intersection. Highway 83 is a concrete highway twenty feet in width, and County Trunk K, or Highway 20 as it is now called, is a black-top pavement

also twenty feet in width. The defendant Ludtke was operating his Chevrolet truck west on Highway 83 and was about to enter the intersection when a large Buick sedan automobile traveling in the same direction passed him and continued in a northwesterly direction on Highway 83 cutting off his view in that direction. The defendant continued through the intersection on the north side of the east-and-west road. The truck was being operated at a speed of twenty to twenty-five miles an hour. In order to avoid a head-on collision with the Buick sedan the plaintiff, who was approaching the intersection from the northwest, reduced his speed when the Buick sedan came over on his side of the road. After the Buick passed, the cars of the plaintiff and defendant collided on the north side of the blacktop at a point near the intersection of the north line of Highway 20 with the south line of Highway 83. The plaintiff's car struck the truck at the right front wheel as the truck was leaving the intersection. When struck the truck was south of the north line of County Trunk K. Both cars were facing in a westerly direction after the accident. It is undisputed that the Buick sedan in passing defendant's truck obscured the view of both plaintiff and defendant and neither driver saw the other until a few seconds before the collision and too late to avoid it.

It is argued on the authority of *Burt v. Meunier* (1948), 252 Wis. 581, 32 N. W. (2d) 241, that the jury's finding that the accident was unavoidable is against the great weight and clear preponderance of the evidence. In view of our conclusion we shall not consider this contention, for if there is no evidence in the record to sustain a finding of negligence on the part of the defendant, then whether the accident could have been avoided or not is immaterial on this appeal.

On behalf of the respondent it is argued that under the provisions of sec. 85.18 (1), Stats., which provide:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, *except as,otherwise provided in this section.* . . . The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle; provided, the driver·of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid," the plaintiff had the right of way.

Sec. 85.10 (22), Stats., defines "intersection" as follows:

"The area embraced within the prolongation of the lateral curb lines or, if none, then within the lateral boundary lines of two or more highways which join one another at an angle, whether or not one such highway crosses the other."

Sec. 85.10 (21) (a), Stats., defines "highway" as follows:

"A highway is every way or place of whatever nature open to the use of the public as a matter of right for the purposes of vehicular travel. . . ."

There is reproduced herewith a surveyor's map, part of Exhibit G, showing in detail the prolongation of the lateral sides of the pavement. Speaking in the language of the statute the map indicates roadways rather than highways.

According to the testimony of the surveyor only one half of the roadway of Highway 20 is shown on the larger drawing at the bottom of the map. On the detail drawing showing the prolongation of the lateral sides of the roadway the point marked "X" according to the surveyor indicates the center of the intersection.

From a consideration of the testimony it is clear that the defendant traveling twenty to twenty-five miles an hour had nearly passed out of the intersection, when the plaintiff who was traveling at a speed of forty-five miles an hour or nearly twice as fast, struck the truck. It appears that both cars

slackened their speed by reason of the interference of the Buick as they approached the point of collision. It therefore conclusively appears that the defendant's truck had been in the intersection for a considerable time before the collision, while the plaintiff's car did not reach the intersection until the instant before the collision. It is therefore clear that the truck and the car did not reach the intersection at approximately the same time. The defendant was leaving the intersection as the plaintiff reached it.

The plaintiff testified:

"I didn't see the Ludtke car when the Buick car went between my car and his. I couldn't see because there are obstructions in the way. There is a barn and a little house and the high embankment and there was shrubbery too that would tend to shut off my view toward the east."

Examination of Exhibit G discloses that the barn, or the little house, presumably intending to mean what is marked "shed" on the map, did not obstruct plaintiff's view unless he was more than two hundred twenty-five feet from the point "A" where the collision occurred.

Upon the record it seems clear that the defendant was not guilty of a want of ordinary care under the circumstances of this case. The plaintiff was perfectly familiar with the intersection, had driven over it many, many times and must have known when he was a considerable distance north of the intersection that he was approaching it. It is quite clear also that but for the interference of the Buick car no accident would have resulted.

The matter of right of way at intersections was carefully and thoroughly considered in *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 26 N. W. (2d) 653. That case involved a collision between a vehicle approaching an intersection on one street and a vehicle approaching on the intersecting street. It was there held that there are no rights of way at intersections other than those contained in sec.

85.18, STATS., and these are in relation to vehicles approaching or entering an intersection at approximately the same time. In arriving at that conclusion prior cases were carefully reviewed.

The word "approximately" has no technical legal meaning. It is defined by Webster as "situated or drawn very near or close together; near to correctness; nearly exact."

It is evident, as already stated, that when the plaintiff's car approached the intersection the defendant had traveled across the intersection and was nearly out of it, and if plaintiff was so far back that the barn interfered with his view of the intersection then he must have been a considerable distance from the intersection. It is apparent that if the plaintiff, as he testified, could not see the defendant as he was passing through the intersection that the defendant could not have seen the plaintiff. There was, therefore, no reason in fact why the defendant should have yielded the right of way to the plaintiff. In view of the fact that the defendant had, as we have pointed out, proceeded so far into the intersection as to preclude the plaintiff from a right to enter we are unable to find any grounds upon which negligence on the part of the defendant can be predicated. He was going at a lawful and moderate rate of speed, he was on the highway at the place where he was required to be, he had no notice of the approach of any vehicle from the north or northwest, he owed no duty to yield the right of way to the plaintiff.

It is considered therefore that the order appealed from should be reversed and the cause remanded with directions to dismiss the plaintiff's complaint.

*By the Court.*—It is so ordered.

HUGHES, J. (*dissenting*). I am of the opinion that the testimony of the plaintiff would amply support a finding of negligence on the part of the defendant.

As indicated by the drawing (Exhibit G), County Trunk K ran west from the outside of the curve of State Trunk Highway 83.

Both plaintiff and defendant testified that they failed to see each other, because immediately before the collision a Buick automobile passed the defendant's truck on the curve, and came dangerously close to colliding head on with the plaintiff.

As the Buick passed on to the northwest on Highway 83, the plaintiff and defendant saw each other momentarily and then collided, the front of the plaintiff's car striking the right front axle of the defendant's truck.

The majority concludes that the defendant clearly entered the intersection first and therefore had the right of way over the plaintiff. With this I am unable to agree. The opinion proceeds upon the assumption that the defendant was driving off onto Highway K in a straight line. The plaintiff's testimony would indicate that defendant went somewhat beyond the intersection because the Buick was passing him; then as soon as the Buick cleared, defendant made a sharp and sudden turn to get over onto Highway K.

Neither do I think the record discloses such difference in speed between plaintiff's and defendant's vehicles that this court can decide as a matter of law that because defendant was driving slower he arrived in the intersection first.

The plaintiff testified that before he saw the Buick he was traveling about forty-five miles per hour; that when the Buick came over on his side of the road he applied his brakes to avoid a head-on collision and that the Buick pulled back immediately to its own side of the road. He further testified that after the Buick pulled back on its side of the road Mr. Ludtke "shot from the north side of 83 to go up K on a perfectly right angle to my car." That was a matter of seconds before the collision.

This testimony of the plaintiff is corroborated by the physical facts. The front of the plaintiff's car collided with the truck at the right front axle.

The majority quotes sec. 85.18 (1), Stats., which provides:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. . . . The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first-mentioned vehicle; provided, the driver of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid."

It is obvious that the legislature thought that one car could get into an intersection first even though both cars had approached the intersection at approximately the same time. That such is the fact is common knowledge. At the speeds at which they were traveling, the truck and car would traverse the intersection in one or two seconds; that they collided is proof that they approached within a second of the same exact time, which certainly is close enough to be considered approximately the same time.

Even though it could be established that defendant was first in the intersection, I am of the opinion that it would not relieve him of all negligence.

The defendant had the duty to yield the right of way to the plaintiff unless he acquired the right of way over the plaintiff by giving a visible signal to plaintiff of his intention to cross his path. His duty to so manage his car was not modified by the hazardous passing of the Buick. The defendant's view of the road to the northwest being obstructed by the passing Buick, he had the obligation to keep his automobile in the inside lane until his view to the north would indicate a clear condition making a left turn safe or disclose the

plaintiff at sufficient distance that defendant could give a visible signal and turn ahead of him. His abrupt swing onto the plaintiff's side of the road may well be considered by a jury to be negligence which caused the accident.

While the jury found both drivers free from negligence, it is to be noted that the trial court gave an instruction that a collision may occur between two vehicles without negligence on the part of either driver, and if it does, it is then said to be an unavoidable accident.

It is not rash to presume that the trial court considered this to be an error which alone would prompt it to grant a new trial in the interests of justice. In its opinion the trial court said:

"The jury in finding neither driver guilty of negligence in effect found the accident was unavoidable. No such claim was made by either party in the pleadings. Each party accused the other of several acts of negligence. The accident occurred in daylight at an intersection familiar to both parties. While there may have been a momentary obstruction of vision while the third car was passing, the failure of either or both parties to have their vehicles under control or to make an efficient observation as they entered the intersection constitutes such a failure to exercise ordinary care that the jury could not have given the answers as to negligence the careful consideration that the case required."

In this conclusion it was right and its order granting a new trial should be affirmed.