SPARLING, Respondent, vs. THOMAS, Appellant.

*June 4—July 3, 1953.*

The cause was submitted for the appellant on the briefs of *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and

for the respondent on the brief of *Frederick K. Plous* of Kenosha.

FRITZ, C. J.  The small claims court of Kenosha county was created by act of the Kenosha county board, pursuant to ch. 254, Stats. 1951.  Sec. 254.21 (3), Stats., provides:

"Every judgment of said small claims court shall be affirmed or modified, and affirmed as so modified, by the circuit court, upon appeal, unless it shall find that the record is inadequate for review thereof, or unless it shall find that by reason of manifest prejudicial error in the trial a fair trial was not had in the small claims court; and in any such case if substantial justice cannot otherwise be done and the rights of the parties cannot otherwise be determined, the judgment of the small claims court shall be reversed, and the circuit court shall order the action tried in said circuit court in the same manner as if originally brought there or remanded for a new trial."

Thomas now contends that unless the circuit court determined that there was manifest prejudicial error in the trial, or that substantial justice requires a new trial, then and only then shall a new trial be ordered.  We agree that is what the statute provides, but we find that the circuit court in its decision did so find in the following language:

"The court finds Thomas negligent with respect to lookout, negligent with respect to violating sec. 85.175 (1), and negligent with respect to violating sec. 85.175 (2).  Under this latter section the driver of a vehicle approaching from the rear is entitled to have the benefit of the left-turn signal while and during the time that the vehicle ahead intending to turn left travels not less than 100 feet before turning.

"According to Thomas' own testimony he did not travel 100 feet and even if he had had his left-turn signal on as a warning for the entire distance he traveled he would not have complied with this provision of the statute and by reason thereof his compliance with subsection (1) with respect to

ascertaining that his left turn could be made with reasonable safety became a very much more important right so far as the vehicle approaching from the rear would be concerned.

"The court finds that the negligence of Thomas so herein- before set forth was in each instance a proximate cause of the collision. . . .

"The small claims court assumed that the directional signals were given and that accordingly the law imposed the obligation on the part of Sparling to so control his car as to avoid a collision, but the provisions of sub. (2) of sec. 85.175 were apparently overlooked and in assuming that the directional lights were on as claimed by Thomas the effect of the holding of the court is to impose the absolute duty of management and control on Sparling not when he had the benefit of the warning which the statute accorded him but under circumstances when he had only one half the benefit of that provision.

"This court is of the opinion that Sparling did not have the benefit of even one half the distance or anything like one half the distance specified in the statute. The court therefore sees no escape from the conclusion that Sparling was confronted with an emergency and that there is nothing in the evidence which shows that he failed to do anything which the law requires of a driver confronted with an emergency."

We agree with the circuit court's interpretation of sec. 85.175, Stats. Thus, if a car is parked, as here, less than 100 feet from a crossover, the driver is unable to comply with said statutory provision and must yield the right of way to another vehicle upon the highway. Failure to apply this section in the small claims court resulted in prejudicial error, and required a new trial. Under the stipulation, the circuit court then reviewed the record and entered his judgment in accordance with the stipulation. The only matter left for consideration is whether or not the findings of fact made by the circuit court are supported by the record. There was a dispute between the parties as to material points at issue. The findings of the circuit court from the disputed testimony are

not against the great weight and clear preponderance of the evidence, and must therefore be affirmed.

*By the Court.*—Judgment affirmed.