AMERICAN FIDELITY & CASUALTY COMPANY, Appellant, vs. TRAVELERS INDEMNITY COMPANY, Respondent.

*January 10—February 4, 1958.*

For the appellant there were briefs and oral argument by *Frank M. Coyne* of Madison.

For the respondent there was a brief and oral argument by *Robert G. Hartman* of Juneau.

FAIRCHILD, J.   It was established without dispute that Schlesner gave no signal for a left turn, that he intended to turn, and that his stop was made in order to carry out his intention.   The accident happened, however, before he started to move toward the driveway.

Sec. 85.175 (1), Stats. 1955, prohibits a turn "without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement."  Sub. (2) provides: "A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."  Respondent claims that Schlesner did not violate sub. (1) because he did not actually turn his vehicle. Admittedly he had traveled the last 100 feet before his

intended turn and had given no signal. We assume that respondent would say that Schlesner would have violated the statute when he first moved his car in a changed course. We think this is too narrow a view of the statute and that Schlesner violated the statute when, without having signaled for a turn, he stopped his truck for the purpose of making one. His stop in that position on the roadway could only be justified as a compliance with another part of sub. (1) which required him to delay his turn until it could be made with reasonable safety. Such a stop is one of the very frequent incidents of a left turn and one of the hazards doubtless considered by the legislature when it required advance warning. Having violated the statute, Schlesner was negligent in this respect as a matter of law and the court erred in changing the jury's answer.

Did the evidence support the jury's finding that such negligence was causal? Schlesner testified that he was stationary for ten seconds. Gilles' testimony would support an inference that while Schlesner was stationary, Gilles traveled one fourth of a block at a speed of 40 miles per hour and a calculation that the interval was less than two seconds. If Schlesner correctly testified that he traveled at five miles per hour for the last 100 feet, a turning signal should have been given during more than seven seconds. Nine seconds before the collision, Kintopp may have been as much as 450 feet away from the point where Schlesner stopped. There is no evidence that the brake-activated stopping signal was given at any particular point and Kintopp may not have had the benefit of this signal until just before Schlesner stopped. Under these facts a timely left-turn signal might well have alerted Kintopp while he still had enough space in which to stop behind Schlesner. Although the jury found Kintopp negligent as to lookout, that finding could mean that he was not sufficiently attentive to notice and appreciate

the reduction in Schlesner's speed but not that Kintopp would not have seen a turning signal if given.

Thus there was evidence to support the jury finding that the failure to give a left-turn signal was causal and it was error to change the answer.

This being an action for contribution, a finding of causal negligence in one respect is enough to support a judgment and it is unnecessary to examine the question of whether a proper stopping signal was given.

Respondent relies upon *Tesch v. Wisconsin Public Service Corp.* (1957), 2 Wis. (2d) 131, 85 N. W. (2d) 762, and asserts that it is controlling here. Respondent's argument overlooks the fact that the driver who suddenly decreased speed in the *Tesch Case* had no intention of turning and accordingly, had no duty to give a turning signal.

Respondent also relies upon *Greenville Co-op. Gas Co. v. Lodesky* (1951), 259 Wis. 376, 378, 48 N. W. (2d) 234. It is true that the facts in that case have great similarity to the instant case and the trial court and this court both held that the failure to give a turning signal was not causal. The court, however, interpreted certain evidence and findings of the jury upon other issues as meaning that, when the driver intending to turn left had come to a complete stop, the driver who had been following him still was 360 feet away and thus had "ample time to bring his truck to a stop if he had been driving with due caution." The situation in the *Greenville Case* might be compared with the instant case if Schlesner's testimony that he was stationary for ten seconds were accepted as fact.

It should be noted that the jury here found that Kintopp was not negligent with respect to passing and that answer was not disturbed by the trial court. This fact distinguishes the case from *Bauer v. Bahr* (1942), 240 Wis. 129, 2 N. W. (2d) 698, where the failure of Kaiser to give a turning signal was held not to be causal because Mrs. Bahr, the

driver following him, knew that he was stopping, stopped briefly behind him, and then swung out into her left lane where the collision with the oncoming car occurred.

*By the Court.*—Judgment reversed, cause remanded with instructions to reinstate answers in the verdict in accordance with the opinion and enter judgment upon the verdict in favor of plaintiff for $6,153.71, together with costs.