WELLMAN (Helyn), Plaintiff, v. MOES and another, Defendants and Respondents: WELLMAN (Verne M.) and another, Interpleaded Defendants and Appellants.

*May 2—June 6, 1961.*

For the appellants there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents there was a brief by *Goldschmidt, deVries, Hollander & Vlasak* of Milwaukee, and oral argument by *Stephen C. deVries.*

BROADFOOT, J.   The statutes of 1955 were in effect at the time of the accident.  The appellants call attention to the provisions of secs. 85.17 (2), 85.18 (5), and 85.175 (2) thereof as determinative of the manner in which a left turn may be made at an intersection.  Sec. 85.18 (5) provides that the operator of a vehicle within an intersection turning to the left shall have the right of way over a vehicle approaching but not having entered the intersection provided the operator of the left-turning vehicle has given a plainly visible signal of his intention to so turn.  Sec. 85.175 (2) provides that said signal shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.

Moes testified that he made his turn in conformity with the provisions of the statute and signaled his intention to turn more than 100 feet before turning.  Wellman did not see the signal but does not dispute that it was given.  A large truck proceeding north had stopped next to the center strip dividing South Twenty-Seventh street with the intention of turning left and proceeding west on Cleveland avenue.  This truck blocked the view of both drivers, at least to some extent.

It is the contention of the appellants that when the statute refers to a clearly visible signal of intention to turn it means that Moes' signal had to be plainly visible to Wellman and, because of the presence of the large truck, the signal was not plainly visible to him. No authorities are cited except cases in which this court has called attention to the serious character of negligence involved in making a left turn across the path of oncoming traffic.

It is further contended that the jury did not have to believe Moes when he stated that he turned on his directional light when he was 200 feet north of Cleveland avenue. Therefore, the question of whether or not Moes gave Wellman a plainly visible signal was a question for the jury and the trial court was not warranted in changing the jury's answers.

It is further argued that the jury findings that both drivers were causally negligent in respect to yielding the right of way to the other were not inconsistent. To support this contention the appellants cite the case of *Taylor v. Hardware Mut. Ins. Co.* 3 Wis. (2d) 27, 87 N. W. (2d) 525. That case involved an intersection accident in which the plaintiff was making a left turn. The jury found that neither driver in that case was negligent with respect to yielding the right of way to the other. Those answers were reconciled on the hypothesis that Boyle, the defendant's insured, forfeited any right of way because of unlawful speed and that plaintiff did not have the right of way because he did not enter the intersection first. However, in that case a new trial was granted in the interest of justice because the jury's comparison of negligence was contrary to the great weight of evidence and because confusion might have arisen in the minds of the jury from the use of a large diagram on which the profile was drawn on a scale of one inch to three feet and the horizontal portion thereof on a scale of one inch to 30

feet. We can find nothing in the *Taylor Case* that is applicable here.

There are no rights of way at intersections except those given by statute. *Reynolds v. Madison Bus Co.* 250 Wis. 294, 26 N. W. (2d) 653; *Himebauch v. Ludtke,* 256 Wis. 1, 39 N. W. (2d) 684.

There was evidence which the jury could believe that Moes entered the intersection ahead of Wellman, that Moes was not driving at an unlawful speed, and that he gave a plainly visible signal of his intention to turn left. Moes had come to a stop before he started across the eastern half of the divided street and was proceeding at a slow rate of speed. Under the statutes then in force he had the right of way. Even though Wellman had been entitled to the right of way, he forfeited the same because of the jury finding that he was negligent with respect to speed. Such forfeiture of right of way, however, does not shift or transfer the right of way to the other driver. In the alternative, even though Moes had forfeited the right of way because of some violation of the statute, that could not confer the right of way to Wellman. *Roellig v. Gear,* 217 Wis. 651, 260 N. W. 232; *Johnson v. Fireman's Fund Indemnity Co.* 264 Wis. 358, 59 N. W. (2d) 660. A suggestion contained in the *Johnson Case, supra,* could well have been followed in the present case. That suggestion was as follows (p. 361):

"Although it is not necessary for a determination of the issues raised, we believe it might be beneficial to suggest the form in which a verdict should be prepared in cases involving facts and issues such as appear here. Where a driver claims the 'directional' right of way and there is evidence which would permit a finding of unlawful speed on his part, the verdict should be prepared in such form as not to require a determination by the jury of the question whether the other driver has failed to yield if it has been found that the driver to the right has by his speed forfeited his right of way."

Had such suggestion been followed, the jury would not have answered questions with respect to yielding of the right of way by Moes. The other answers in the jury verdict determined the issues and the trial court was correct in changing the answers of the jury in that respect.

*By the Court.*—Judgment affirmed.