BRUNETTE, by Guardian *ad litem,* and another, Appellants,
v. DADE and another, Respondents.

*October 29—November 24, 1964.*

618

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondents there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon*.

GORDON, J.

## *Right-of-Way.*

The trial court determined that Mr. Brunette was causally negligent as a matter of law in failing to yield the right-of-way. Upon this appeal, it is pointed out that when Mrs. Dade approached the intersection she came to a complete stop. It is urged that this act constituted a waiver of her right-of-way. It is not contended that her coming to a stop transferred her right-of-way to Mr. Brunette; the appellants acknowledged that right-of-way, being wholly statutory, cannot be transferred from one driver to a competing driver. *Granger v. Mutual Service Casualty Ins. Co.* (1963), 19 Wis. (2d) 302, 120 N. W. (2d) 140; *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 26 N. W. (2d) 653. However, it is strenuously urged that the court erred in determining as a matter of law that Mr. Brunette was obliged to yield the right-of-way to a driver who had stopped at the approach to the intersection even though there was no stop sign or other requirement for such stopping.

Sec. 346.18, Stats., provides that the vehicle on the left shall yield the right-of-way to the vehicle on the right. Mrs. Dade was driving the vehicle on the right and would normally enjoy the right-of-way over another vehicle which approached at approximately the same time. The statute goes on to provide:

"The operator of any vehicle driving at an unlawful speed forfeits any right of way which he would otherwise have under this subsection."

The appellants' contention would require us, in effect, to interpret the statute to mean that one with the directional right-of-way may forfeit it not only by unlawful speed but by unnecessarily stopping at the threshold of the intersection. We decline to do so. In our opinion, the trial court correctly determined upon these facts that the vehicle on the left was negligent as a matter of law in failing to yield the right-of-way to the vehicle on the right. This is true notwithstanding the fact that the evidence shows that the favored vehicle came to a stop which was not required by the rules of the road.

### *Brunette's Negligence as to Lookout.*

Mr. Brunette suffered retrograde amnesia as a result of the accident and had no memory as to the events just before the accident. Mrs. Dade testified that she did not see any vehicle approaching from the east, to her left. She further testified that she did not see the motorcycle before the actual crash. Nevertheless, the jury found that Mr. Brunette was causally negligent with respect to lookout, and such finding is challenged on this appeal.

The appellants rely on a claimed presumption of due care, which will be considered subsequently, and also urge that it can be assumed that Mr. Brunette observed Mrs. Dade

bring her vehicle to a complete stop and thought that she intended to let him cross the intersection ahead of her.

On the other hand, the respondents refer to the fact that the Brunette vehicle struck the left side of Mrs. Dade's automobile at a time when Mrs. Dade was traveling at a very slow speed. The front of the motorcycle collided with the left side of Mrs. Dade's automobile. Respondents further point out that there were no skid marks or evidence that Mr. Brunette deviated or endeavored to stop before the impact. In our opinion, this constituted sufficient credible evidence to support the jury's determination that there was negligence as to lookout on the part of Mr. Brunette. In *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 512, 80 N. W. (2d) 380, this court stated as follows:

"In cases involving a driver, who is unable to testify as to the lookout he maintained immediately prior to a collision because of death or amnesia, he ordinarily cannot be found guilty of causal negligence as to both lookout and management and control. If there is no evidence from which it can reasonably be inferred that he saw the object collided with, then his negligence consists of lookout and not management and control."

Mr. Brunette's vehicle ran into the slow-moving automobile of Mrs. Dade without leaving any skid marks to suggest that an effort to stop was made. The jury must have deemed this to prove that he did not see her car, and we cannot hold that this is error as a matter of law.

We recognize that the evidence in support of the finding as to Mr. Brunette's lookout is skimpy. However, it is also true that we have frequently been confronted with cases in which there is only a small amount of direct evidence. *La Vallie v. General Ins. Co.* (1962), 17 Wis. (2d) 522, 526, 117 N. W. (2d) 703. Furthermore, evidence must be viewed in the light most favorable to the verdict, and findings which have been approved by the trial court are not

to be disturbed if they are supported by credible evidence. *Ide v. Wamser* (1964), 22 Wis. (2d) 325, 126 N. W. (2d) 59.

### Presumption of Due Care.

The trial court interrupted Mr. Brunette's counsel during the course of the latter's argument and said to the jury:

"The jury will not consider any argument on presumptions whatever in this case. There is no question of presumption to be considered by the jury and I will ask counsel to refrain from that argument."

Upon this appeal, it is argued by the appellants that the court erred in this ruling in the presence of the jury. In our opinion, the court's interruption was entirely correct. Having concluded that Mr. Brunette was negligent as a matter of law in not yielding the right-of-way, and there being some credible evidence as to his negligence as to lookout, the presumption of due care which he might otherwise have enjoyed became wholly dissipated. In *Atkinson v. Huber* (1955), 268 Wis. 615, 618, 68 N. W. (2d) 447, we stated:

"This court is committed to the doctrine that where, in a negligence case, evidence is introduced which would support a jury finding contrary to the presumption that a deceased person or one who has suffered amnesia exercised due care for his own safety, the presumption is eliminated and drops out of the case entirely and no instruction upon that subject should be given to the jury."

More recently, in *Voigt v. Voigt* (1964), 22 Wis. (2d) 573, 583, 126 N. W. (2d) 543, we pointed out that the presumption of due care accorded to a deceased party is a *limited* presumption and is eliminated upon the receipt of evidence from which negligence on the part of the deceased

driver may be inferred. See *McCarty v. Weber* (1953), 265 Wis. 70, 73, 60 N. W. (2d) 716.

We conclude, therefore, that any presumption of due care on the part of Mr. Brunette had vanished, and the trial court's admonition to the jury to disregard counsel's argument concerning the presumption was not only proper but was necessary.

*By the Court.*—Judgment affirmed.