Ryan R. BETCHKAL and Wisconsin Life Insurance
Company, Plaintiffs-Respondents,†

v.

Bernita K. WILLIS and Badger State Mutual Casualty
Company, Defendants-Appellants.

Court of Appeals

No. 84-016. Submitted on briefs September 14, 1984.—
Decided December 12, 1984.
(Also reported in 363 N.W.2d 248.)

† Petition to review granted.

For the defendants-appellants, the cause was submitted on the briefs of *John V. O'Connor* of *O'Connor & Warren,* of Kenosha.

For the plaintiffs-respondents, the cause was submitted on the briefs of *Matthew H. Quinn* of *Hand & Quinn,* S.C., of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.  Bernita K. Willis and Badger State Mutual Casualty Company appeal from a judgment against them based on a jury verdict which found Willis negligent in making a left turn. Willis contends that the trial court erred in instructing the jury on the law governing left turns. We conclude that the instructions were erroneous and that such error was prejudicial.

Accordingly, we reverse and remand for a new trial on the issue of liability. In addition, we defer to the discretion of the trial court to determine whether to broaden the remand to include the issue of damages. *See Leahy v. Kenosha Memorial Hospital,* 118 Wis. 2d 441, 453, 348 N.W.2d 607, 614 (Ct. App. 1984).

On May 16, 1981 at approximately 8:45 p.m., Ryan Betchkal and Bernita Willis were involved in a traffic accident. The accident occurred on 22nd Avenue in Kenosha and involved a 1977 Harley Davidson Motorcycle driven by Betchkal and a 1976 Pacer automobile driven by Willis.

The facts of the accident are disputed. At trial, Betchkal testified that he was operating his motorcycle south on 22nd Avenue in the left-hand lane at a speed of 25 miles per hour toward the intersection of 22nd Avenue and 27th Street. At a distance of approximately fifty to sixty feet north of the crosswalk at 27th Street, he noticed the Willis vehicle on the southwest corner of 27th Street and 22nd Avenue. Betchkal testified that as he approached 27th Street, the Willis automobile was creeping around the corner into the right, southbound lane of 22nd Avenue. As he proceeded through the 27th Street intersection, he caught up to the back of the Willis car. He attempted to pass the car and as he was just ahead of the back bumper, the car entered his lane. He swerved to the left and accelerated to avoid it, but he collided with the car.

Willis, on the other hand, testified that she had been proceeding east on 27th Street. As she approached the intersection at 22nd Avenue, she observed the light was red and stopped. When the light turned green, she turned right onto 22nd Avenue into the left, southbound lane. She proceeded to a point across from the entrance to a Boy Blue restaurant, where she stopped, waited for two or three northbound cars to pass and proceeded to make

a left turn. Willis testified that her left turn signal was on as she began the turn. As she was turning, she collided with a motorcycle which struck her left front wheel.

Both Willis and Betchkal presented testimony from accident reconstruction experts to support their theories of the case. A passenger in the Willis vehicle also testified as to the facts of the accident.

At the close of all the evidence, the trial court instructed the jury as to the duties of operators of motor vehicles with regard to the exercise of ordinary care, lookout and management and control. The jury was also instructed:

As these rules apply to both the plaintiff, Ryan Betchkal, and the defendant, Bernita Willis, you are instructed that . . . [a] safety statute provides that in any event an operator of a vehicle shall not overtake and pass on the left any other vehicle which by means of a signal as required by law indicates its intention to make a left turn. The signal referred to in this safety statute is a signal given continuously by either a mechanical signal device or by hand or arm for a distance not less than 100 feet before turning. If a vehicle turning left cannot signal its intention to turn continuously for a distance of not less than 100 feet before turning, *it is required to yield the right of way to a vehicle approaching from the rear.* . . . Now, as these rules apply to the plaintiff, Ryan Betchkal, you are instructed that . . . [a] safety statute provides that in any event, an operator of a motor vehicle shall not overtake and pass on the left any other vehicle which by means of a signal *as required by law* indicates its intention to make a left turn. [Emphasis added.]

The jury found that Willis was negligent with respect to the operation of her vehicle and that her negligence was a cause of the accident. It also found that Betchkal was not negligent with respect to the operation of his motorcycle.

At the jury instruction conference, Willis' counsel objected strenuously to the above instructions.[1] Willis' counsel also requested that the trial court instruct the jury that the operator of a motor vehicle shall not overtake and pass on the left any vehicle which has signaled its intention to make a left-hand turn or that the operator of a motor vehicle shall not overtake and pass on the left any other vehicle which has signaled its intention to make a left-hand turn for a reasonable period of time. The trial court refused to give either instruction. Willis contends that the trial court erred when it instructed the jury on the 100 feet continuous signal requirement and the duty to yield the right of way and that the trial court erred in refusing to give her requested instructions.

Generally, a trial court should instruct the jury with due regard to the facts of the case. *Lutz v. Shelby Mutual Insurance Co.*, 70 Wis. 2d 743, 750, 235 N.W.2d 426, 431 (1975). Upon appeal, a challenge to a given instruction requires us to consider the jury instructions as a whole and in their entirety. *State v. Paulson*, 106 Wis. 2d 96, 108, 315 N.W.2d 350, 356 (1982). If we conclude that the overall meaning communicated by the instructions was a correct statement of the law, no grounds for reversal exist. *Id.* A new trial is warranted only under circumstances where the error is determined to be prejudicial. *Lutz*, 70 Wis. 2d at 750–51, 235 N.W.2d at 431. The test of whether an error is prejudicial is the probability and not mere possibility that the jury was misled.

---

[1] At the eleventh hour, Betchkal's counsel agreed that Willis' counsel "has a point as far as 100 feet before turning or reasonable amount of time." Willis' counsel requested additional time to evaluate whether Betchkal's amended instruction would satisfy his objection. His request was denied. Under the circumstances, we do not consider that Willis' counsel has waived any objection to the given instruction.

*Hoeft v. Friedel,* 70 Wis. 2d 1022, 1037, 235 N.W.2d 918, 925 (1975).

In this case, the instructions to which Willis objected were based upon the trial court's reliance on sec. 346.34 (1), Stats., and *Sparling v. Thomas,* 264 Wis. 506, 59 N.W.2d 433 (1953). In *Sparling,* the court held that if a driver is unable to comply with the statutory provision (sec. 346.34(1)),[2] the driver must yield the right of way to another vehicle upon the highway. *Sparling* at 509, 59 N.W.2d at 435. However, in *Tuschel v. Haasch,* 46 Wis. 2d 130, 139–40, 174 N.W.2d 497, 502 (1970), the supreme court held that where conditions do not allow for a full 100 feet for signaling for a turn, a driver is not automatically negligent in giving the signal for a lesser distance. Unfortunately, *Tuschel* does not expressly address *Sparling.*

Our reading of *Tuschel* leads us to conclude that it implicitly overrules *Sparling* in situations where it is impossible for the turning vehicle to signal for at least 100 feet prior to making the turn. We conclude that under *Tuschel,* in cases where it is impossible to signal for at least 100 feet before turning, the 100 feet requirement does not apply.

In this case, it is undisputed that the distance from the intersection of 27th Street and the point at which Willis attempted to turn left was less than 100 feet. Therefore, it was physically impossible for Willis to give a continuous left turn signal for at least 100 feet before turning. This fact rendered the 100 feet requirement inapplicable to this situation.

We conclude that the trial court's instructions to the jury were erroneous. First, the trial court's instruction

[2] *Sparling* refers to sec. 85.175, Stats. (1953). Section 346.34, Stats., is a restatement of sec. 85.175. Differences between the two statutes are not material for purposes of this case.

was a misstatement of the law which presented to the jury a basis upon which the finding of negligence against Willis may have been premised. *See Leahy,* 118 Wis. 2d at 452, 348 N.W.2d at 613. The instructions, read together, told the jury that: (1) Willis was required to either signal for 100 feet prior to turning or yield the right of way to Betchkal, and (2) Betchkal had no duty to Willis unless she signaled for 100 feet prior to turning. Since Willis could not possibly have signaled for 100 feet prior to turning, these instructions required that the jury find Willis negligent.

Second, even if we segregate the instructions as separately stating the general duties of the drivers, we conclude that the instructions, at least as to Willis, were inherently inconsistent. The jury was instructed, on the one hand, that Willis had an obligation to yield the right of way to traffic approaching from the rear but, on the other hand, that she could turn if exercising reasonable safety.[3] These rules state different standards of care.

We conclude that the erroneous instructions constituted prejudicial error. The erroneous instructions go to the heart of Betchkal's claim of negligence against Willis and affected a substantial right. *Id.* The instructions as given did not adequately present the law applicable to the issue, *see State v. Higginbotham,* 110 Wis. 2d 393, 403–04, 329 N.W.2d 250, 255 (Ct. App. 1982), and we are convinced that these instructions probably misled the jury.[4] Therefore, the resulting prejudice cannot be

---

[3] The trial court instructed:

Now, as these rules apply to the defendant, Bernita K. Willis, you are instructed that . . . [a] safety statute provided that no person shall turn into a private road or driveway or deviate from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

[4] The trial court did instruct the jury on the general duties of users of the road, right of way and reasonable safety. Therefore,

deemed harmless. *Leahy*, 118 Wis. 2d at 451–52, 348 N.W.2d at 613. Erroneous instructions affecting a substantial right require a new trial because we have no means of determining whether the jury's verdict was based upon the misstatements. *Christians v. Homestake Enterprises, Ltd.*, 101 Wis. 2d 25, 54, 303 N.W.2d 608, 622 (1981).

The above holding does not require us to address the other issues raised on this appeal.[5] Our holding does require a new trial on the issue of liability. However, we defer to the discretion of the trial court to determine whether a new trial on the issue of damages is also required. *Leahy*, 118 Wis. 2d at 453, 348 N.W.2d at 614.

*By the Court.*—Judgment reversed and cause remanded with directions.

we do not say that the trial court's failure to give Willis' requested instruction constitutes prejudicial error in this case.

[5] The appellants raise the following issues: perversity of the jury verdict, trial court error in exclusion of evidence, trial court refusal to find Betchkal causally negligent as a matter of law and a new trial in the interests of justice.