Ryan R. BETCHKAL and Wisconsin Life
Insurance Company, Plaintiffs-Respondents-
Petitioners,

v.

Bernita K. WILLIS and Badger State Mutual
Casualty Company, Defendants-Appellants.

177

Supreme Court

*No. 84–016. Argued September 5, 1985.—Decided December 20, 1985.*

(Also reported ·in 378 N.W.2d 684.)

178

HEFFERNAN, C.J., ABRAHAMSON and STEINMETZ, JJ., dissent.

For the plaintiffs-respondents-petitioners there were briefs by *Matthew H. Quinn* and *Hand & Quinn, S.C.*, Racine, and oral argument by *Matthew H. Quinn.*

For the defendants-appellants there was a brief by *John V. O'Connor* and *O'Connor & Warren, S.C.*, Kenosha, and oral argument by *John V. O'Connor.*

DAY, J. This is a review of a published decision of the court of appeals, *Betchkal v. Willis*, 122 Wis. 2d 419, 363 N.W. 2d 248 (Ct. App. 1984), reversing a judgment of the circuit court for Kenosha county, Honorable Bruce E. Schroeder, circuit judge. The circuit court's judgment found Bernita Willis (Defendant) one hundred percent causally negligent of the collision between her and Ryan Betchkal (Plaintiff). This case raised the following issues: (1) Did the circuit court err in instructing the jury as follows: "If a vehicle turning left cannot signal its intention to turn continuously for a distance of not less than 100 feet before turning, it is required to yield the right of way to a vehicle approaching from the rear;" (2) If so, was the error prejudicial to the Defendant?

We conclude that the instruction was erroneous because the signaling statute, sec. 346.34(1)(b), Stats.,[1] is not applicable to the facts of this case; however, we conclude the error was harmless. We affirm in part and reverse in part the decision of the court of appeals and reinstate the judgment of the circuit court.

The questioned jury instruction stated:

"A safety statute provides that in any event an operator of a vehicle shall not overtake and pass on the left any other vehicle which by means of a signal as required by law indicates its intention to make a left turn. The signal referred to in this safety statute is a signal given continuously by either a mechanical signal device or by hand or arm for a distance not less than 100 feet before turning. *If a vehicle turning left cannot signal its intention to turn continuously for a distance of not less than 100 feet before turning, it is required to yield the right of way to a vehicle approaching from the rear.*" (Emphasis added.)

On May 16, 1981, the Plaintiff and the Defendant were involved in a motorcycle-automobile collision less

---

[1] Section 346.34(1), Stats. 1979–80:

"346.34 **Turning movements and required signals on turning and stopping.** (1) TURNING. (a) No person may:

"1. Turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in s. 346.31.

"2. Turn a vehicle to enter a private road or driveway unless the vehicle is in proper position on the roadway as required in s. 346.32.

"3. Turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

"(b) In the event any other traffic may be affected by such movement, no person may so turn any vehicle without giving an appropriate signal in the manner provided in s. 346.35. When given by the operator of a vehicle other than a bicycle, such signal shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. The operator of a bicycle shall give such signal continuously during not less than the last 50 feet traveled before turning."

than one hundred feet south of the intersection of 27th Street and 22nd Avenue in Kenosha, Wisconsin. Twenty-second Avenue is a four lane thoroughfare running north and south, and 27th Street is a two lane street running east and west. The facts of the accident were in dispute.

The Plaintiff testified that he was operating his motorcycle south on 22nd Avenue in the left lane about three feet from the center line at a speed of twenty-five miles per hour. As he approached the intersection, the traffic signal controlling traffic on 22nd Avenue turned green. When he was fifty to sixty feet north of the intersection's north crosswalk, he observed the Defendant make a right turn on red into the right lane of 22nd Avenue and proceed south. The Plaintiff testified that after he had proceeded through the intersection to a point where his motorcycle was just ahead of the rear bumper of the Defendant's car, the Defendant crossed into his lane. Realizing he was confronted with an emergency, the Plaintiff accelerated his motorcycle and swerved to the left in an attempt to avoid hitting the Defendant's vehicle. However, the Defendant continued to turn left, in front of the Plaintiff, and a collision occurred at a point just left of the center line. The Plaintiff sustained serious injuries.

The Defendant's testimony contradicted that of the Plaintiff. She testified that as she approached the intersection, traveling east on 27th Street, the traffic light governing her direction was red and she stopped. When the light turned green, she turned right into the left southbound lane of 22nd Avenue. She proceeded south to a point across from the entrance to a Boy Blue restaurant, stopped, waited for two or three northbound vehicles to pass and then began her left turn. At that point, the Plaintiff struck the left front wheel of her vehicle. The Defendant contended that her left turn signal was on when she began her turn.

181

There was no dispute that the distance from the intersection to the point across from the entrance to the restaurant was less than one hundred feet.

At trial, the Defendant requested an instruction that precluded passing on the left a vehicle that has signaled its intention to turn left.[2] The Plaintiff requested that the instruction also incorporate this court's holding in *Sparling v. Thomas,* 264 Wis. 506, 509, 59 N.W. 2d 433, 435 (1953) that "if a car is parked . . . less than 100 feet from a crossover, the driver is unable to comply with said statutory provision sec. 85.175(1) and (2), Stats., renumbered sec. 346.34(1) and must yield the right of way to another vehicle upon the highway." The circuit court found the *Sparling* decision to be controlling and instructed accordingly.

The jury found the Defendant causally negligent and the Plaintiff not negligent and awarded the Plaintiff $128,075.18 in damages. The circuit court granted the Plaintiff judgment on the verdict, but reduced the damage award to $100,000 pursuant to a prior stipulation.[3]

On appeal, the court of appeals reversed, holding that the jury instruction was erroneous and that the error was prejudicial to the Defendant. It used this court's decision of *Tuschel v. Haasch,* 46 Wis. 2d 130, 139–140, 174 N.W. 2d 497, 502 (1970) for the holding that where conditions do not allow for a full one hundred feet for signaling a turn, a driver is not automatically negligent in giving the

---

[2] Section 346.09, Stats. 1979–80:

"**346.09 Limitations on overtaking on left or driving on left side of roadway.** . . . (4) Other provisions of this section notwithstanding, the operator of a vehicle shall not overtake and pass on the left any other vehicle which by means of signals as required by s. 346.34(1), indicates its intention to make a left turn."

[3] On the morning of the trial, the insurer of Bernita Willis' parents, the secondary insurer, was released from liability for any award between $100,000 and $200,000 for a payment of $2,500. Badger State *Mutual Casualty Company* was the primary insurer up to $100,000.

signal for a lesser distance. The appellate court interpreted *Tuschel* as implicitly overruling *Sparling* where conditions make it impossible for the turning vehicle to signal for the statutory one hundred feet. The court of appeals, in this case, ordered a new trial on the issue of liability and deferred to the discretion of the circuit court to determine if the new trial should include the issue of damages.[4]

■

We hold that the circuit court erred when it instructed the jury on the signaling statute, sec. 346.34(1)(b), Stats., because this statute is not applicable to the facts of this case. This court has determined that sec. 346.34(1), is a safety statute, the violation of which constitutes negligence per se. In *Grana v. Summerford,* 12 Wis. 2d 517, 521, 107 N.W. 2d 463 (1961), this court said that "making a turn in violation of sec. 346.34(1), Stats., . . . is negligence as a matter of law because the section

---

[4] Defendant's court of appeals brief addressed, among other issues, the damage issue, alleging that the $65,000 future pain and suffering award was not supported by the evidence. However, the issue was not raised in the Plaintiff's petition for review and no cross-petition was filed by the Defendant. The pertinent rules on petitions for review are as follows:

"**809.62 Rule (Petition for review).** . . . (6) The supreme court may grant the petition upon such conditions as it considers appropriate, including the filing of additional briefs. If the petition is granted, the *petitioner cannot raise or argue issues not set forth in the petition* unless ordered otherwise by the supreme court. The supreme court may limit the issues to be considered on review." (Emphasis added.)

"(7) A party who seeks a modification of an adverse decision of the court of appeals may file a petition for cross-review within the period for filing a petition for review with the supreme court, or 30 days after the filing of a petition for review by another party, whichever is later. A *party seeking cross-review has the same rights and obligations as a party seeking review* under ch. 809." (Emphasis added.)

Since the damage issue was not raised in the Plaintiff's petition for review and no cross-petition was filed by the Defendant, the issue is not before us.

is a safety statute." *See, also, American Fidelity & Cas. Co. v. Travelers Ind. Co.,* 3 Wis. 2d 209, 212–213, 87 N.W. 2d 782 (1958). (Finding that a violation of sec. 85.175(1) and (2), Stats., renumbered sec. 346.34(1), is negligence as a matter of law.)

> "A safety statute is a legislative enactment designed to protect a specified class of persons from a particular type of harm. *Walker v. Bignell,* 100 Wis. 2d 256, 268, 301 N.W. 2d 447, 454 (1981). For the violation of the statute to constitute negligence per se, it must be demonstrated that the harm inflicted was the type the statute was designed to prevent and that the person injured was in the class sought to be protected. *Id.* Further, some expression of legislative intent that the statute was meant to become a basis for the imposition of civil liability must appear. *Id.* at 269, 301 N.W. 2d at 455." *Leahy v. Kenosha Memorial Hospital,* 118 Wis. 2d 441, 449, 348 N.W. 2d 607 (Ct. App. 1984).

Since a violation of a safety statute is negligence per se, the applicability of such a statute to the facts of a case must be shown "beyond a reasonable doubt, expressed in language that is clear, unambiguous, and peremptory." *Burke v. Milwaukee & Suburban Transport Corp.,* 39 Wis. 2d 682, 690, 159 N.W. 2d 700 (1968), *See also, Fleury v. Wentorf,* 82 Wis. 2d 105, 262 N.W. 2d 68 (1978). Section 346.34(1)(b), Stats., provides that a signal shall "be given continuously during not less than *the last 100 feet traveled* by the vehicle before turning." (Emphasis added.) It is clear from the statutory langauge that the legislature intended this statute to apply only to situations where at least one hundred feet has been traveled by the turning vehicle. Here, it was undisputed that the Defendant traveled less than one hundred feet on 22nd Avenue. Conse-

quently, sec. 346.34(1)(b), is not applicable to this case.[5]

We agree with the court of appeals' conclusion that *Tuschel* implicitly overruled *Sparling.* In *Tuschel,* 46 Wis. 2d at 139–140, this court refused to hold the Defendant driver negligent for violating sec. 346.34(1), Stats., when the uncontroverted facts were that the Defendant could not signal for a distance of one hundred feet. In *Tuschel,* the Defendant truck driver struck a pedestrian[6] as the driver made a right turn, at an intersection, after pulling around a parked bus. The Defendant signaled left as he started around the parked bus, and when he was at the rear of the bus he signaled his right turn. Since the bus was parked twenty to thirty feet from the corner, it was impossible for the Defendant to signal the right turn for the statutory one hundred feet. *Tuschel,* 46 Wis. 2d at 140. The distance traveled by the Defendant, after signaling his left turn to pull around the bus, was less than one hundred feet and sec. 346.34(1)(b), is not applicable to such a situation. Thus, this court correctly refused to apply sec. 346.34(1)(b), in *Tuschel.*

In *Sparling,* the defendant Thomas' vehicle was parked facing south on the right hand shoulder of a four lane divided highway. The Defendant, in order to proceed

---

[5] The jury should have been instructed in accordance with secs. 346.13(1) and 346.34(1)(a)3, Stats., which provide:

"**346.13 Driving on roadways laned for traffic.** (1) The operator of a vehicle shall drive as nearly as practicable entirely within a single lane and shall not deviate from the traffic lane in which he is driving without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear."

"**346.34 Turning movements and required signals on turning and stopping.** (1) TURNING. (a) No person may: . . .

"3. Turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

[6] Section 340.01(68), Stats. 1979–80 provides that "traffic" includes pedestrians using the highway.

north, attempted to cross two southbound lanes and the median at a crossover located approximately fifty feet from where he was parked. As he began this maneuver, a collision occurred with the Plaintiff Sparling's southbound vehicle which was approaching from the rear. The circuit court found Thomas negligent for violating sec. 85.175(2), Stats., subsequently remembered sec. 346.34(1)(b), and found that his negligence was a proximate cause of the collision.[7] In *Sparling,* this court agreed with the circuit court's findings and interpreted sec. 85.175(2), to include a duty to yield the "right of way" when the turning driver is unable to signal the turn for one hundred feet. Furthermore, this court held that failure to apply this statute to the facts in *Sparling* was prejudicial error. The distance traveled by Thomas was less than one hundred feet, therefore, based on our holding in this case, and the *Tuschel* decision, sec. 346.34(1)(b), is not applicable. Thus, we overrule that portion of *Sparling* which applied the signaling statute to situations where the turning vehicle has traveled less than one hundred feet before turning by requiring the turning vehicle to yield the right-of-way to a following vehicle.

Furthermore, the court in *Sparling* erroneously created a right of way in the absence of any statutory basis for it and erroneously created a shifting right-of-way. Section 340.01(51), Stats. 1983–84, defines right-of-way as the "privilege of the immediate use of the roadway." This court has said, on numerous occasions, that there are no "rights-of-way" at intersections other than those specifically described by statute. *See, Wellman v. Moes,* 14 Wis. 2d 18, 22, 109 N.W. 2d 496 (1961); *Himebauch v. Ludtke,* 256 Wis. 1, 6–7, 39 N.W. 2d 684 (1949); *Reynolds v. Madison Bus Co.,* 250 Wis. 294, 303, 26 N.W. 2d 653 (1947).

---

[7] Thomas was also found causally negligent with respect to lookout and causally negligent with respect to violating sec. 85.175(1), Stats.

Right of way is a wholly statutory concept and thus it exists only when provided for by statute. *Schoenauer v. Wendinger,* 49 Wis. 2d 415, 427, 182 N.W. 2d 441 (1971); *Brunette v. Dade,* 25 Wis. 2d 617, 619, 131 N.W. 2d 340 (1964); *Dyer v. Hardware Mut. Casualty Co.,* 17 Wis. 2d 79, 85, 115 N.W. 2d 535 (1962). Section 346.34(1)(b), which provides when and for what distance a signal shall be given, does not create a right-of-way for the following driver when the preceding driver has traveled less than one hundred feet before turning. Thus, the court in *Sparling* created a right-of-way to cover a situation for which no statutory right of way exists.

Secondly, Wisconsin case law provides that a "forfeiture of right of way . . . does not shift or transfer the right of way to the other driver." *Wellman,* 14 Wis. 2d at 22. *See, also, Hernke v. Northern Ins. Co.,* 20 Wis. 2d 352, 357, 122 N.W. 2d 395 (1963); *Reynolds,* 250 Wis. at 305. The *Sparling* decision implies a transferring of the right-of-way to the following driver. In *Sparling,* this court held that if the turning driver is unable to signal a turn for one hundred feet, then that driver must yield the right-of-way to the following driver, thus creating a right-of-way in the following driver. This implies that if the turning driver can and does signal the turn for one hundred feet, then that driver has the right-of-way. This is inconsistent with the case law on forfeiture of right-of-way. A right-of-way should not transfer to the competing driver because the driver with the right-of-way forfeits it, rather, the driver with the right-of-way should lose the right-of-way, and neither party would have a statutory right-of-way.

Even though the circuit court erred when it instructed the jury on sec. 346.34(1)(b), Stats., we hold that such error was harmless. In reviewing jury instructions, an appellate court is required to consider the instructions

as a whole and in their entirety. *State v. Paulson,* 106 Wis. 2d 96, 108, 315 N.W. 2d 350, 356 (1982).

> "Where the court has erroneously given or refused to give an instruction, however, a new trial is not warranted unless the error is determined to be prejudicial. The test to be applied in determining whether such an error is prejudicial is the probability and not mere possibility that the jury was misled thereby. Stated another way, an error relating to the giving or refusing to give an instruction is not prejudicial if it appears that the result would not be different had the error not occurred." *Lutz v. Shelby Mut. Ins. Co.,* 70 Wis. 2d 743, 750–751, 235 N.W. 2d 426 (1975).

If the overall meaning communicated by the instructions was a correct statement of the law, then the erroneous instruction is not a ground for reversal. *Paulson,* 106 Wis. 2d at 108. Defendant made the following arguments: the jury had no choice but to find her totally liable for the accident; the erroneous instruction placed an absolute duty on her to get out of or stay out of the way of the Plaintiff; the erroneous instruction apprised the jury that if the turn signal was given for less than one hundred feet, then the Plaintiff had no duties or obligations to her; the Plaintiff had the right to assume that she would exercise due care and yield the right-of-way; and if she failed to yield the right-of-way, then the Plaintiff would be confronted with an emergency that would relieve him from any negligence with regard to management and control.

The court of appeals agreed with the Defendant and concluded that, when considered as a whole, the instructions told the jury that:

> "(1) [Defendant] was required to either signal for 100 feet prior to turning or yield the right-of-way to [Plaintiff], and
>
> (2) [Plaintiff] had no duty to [Defendant] unless she signaled for 100 feet prior to turning. Since [Defend-

188

ant] could not possibly have signaled for 100 feet prior to turning, these instructions required that the jury find [Defendant] negligent." *Betchkal,* 122 Wis. 2d at 425.

The appellate court held that the erroneous instruction constituted prejudicial error because it went to the heart of the Plaintiff's claim of negligence against the Defendant and it affected a substantial right. Therefore, the appellate court concluded that "[e]rroneous instructions affecting a substantial right require a new trial because we have no means of determining whether the jury's verdict was based upon the misstatements." *Betchkal,* 122 Wis. 2d at 426, citing *Christians v. Homestake Enterprises, Ltd.,* 101 Wis. 2d 25, 54, 303 N.W. 2d 608, 622 (1981).

In this case, we are analyzing only one jury instruction out of many that were given. There were twenty-two pages of jury instructions. Although the erroneous instruction required the jury to find the Defendant negligent, this instruction did not prevent the jury from finding the Plaintiff negligent. The instructions, considered as a whole, adequately apprised the jury of the Plaintiff's duties and responsibilities. Specifically, the instructions informed the jury that the Plaintiff could not continue to assume that all users of the highway obeyed the rules of the road if he knew or should have known that another user of the road, by his wrongful conduct, created a danger. If such a danger existed, the Plaintiff had to exercise reasonable care to avoid the danger. Thus, even though the Defendant did not signal her turn for one hundred feet, if the Plaintiff could have avoided the accident and failed to do so, he was negligent. The jury was instructed on the Plaintiff's duties of proper management and control, lookout, and reasonable and prudent speed. As to speed, the jury was instructed that the Plaintiff must drive at an appropriately "reduced speed when special

hazards exist with respect to other traffic such as other vehicles entering his initial course of travel." An appropriate speed was defined as the speed which a reasonable person would use under the same or similar circumstances.

The emergency instruction was given because there was credible evidence from which the jury could conclude that the Plaintiff was confronted with an emergency. However, the jury was informed that the Plaintiff would lose the benefit of the emergency instruction if his negligence wholly or in part created the emergency.

We conclude that giving the erroneous instruction was harmless error because it appears that the result would not have been different had the error not occurred. Had the jury believed that the Plaintiff's actions in any way caused the collision, the jury instructions clearly provided the jury with the basis for finding him negligent. Apparently, the jury believed that the Plaintiff was confronted with an emergency situation and that he was unable to avoid the collision. It was up to the jury to decide from the conflicting testimony whose version of what occurred was correct.

*By the Court.*—The decision of the court of appeals is reversed. The judgment of the circuit court is reinstated.

HEFFERNAN, CHIEF JUSTICE *(dissenting)*. I quite agree with the majority's conclusion that the trial court erred when it instructed the jury on the provisions of sec. 346.34(1)(b), Stats.—a statute that clearly is inapplicable under the circumstances. I part company with the majority, however, when it denominates this error as "harmless." Sec. 805.18(1) and (2) states the statutory test for harmless error. The essence of the statute is that an error shall be disregarded if it does not "affect the substantial rights of [a] party."

In the instant case, however, the instructions, as the majority admits, "created a right of way in the absence

190

of any statutory basis for it and erroneously created a shifting right of way." (Majority opinion at page 186.)

This erroneous concept embodied in the trial court instructions compounded the erroneous instruction, which left the jury with the impression that the defendant had a positive duty to signal for a distance of one hundred feet—even though to do so was impossible under the circumstances. The failure to do that which in reason could not be done was—or so the jury was instructed—negligence per se. Under these faulty instructions, the jury was compelled to find the defendant negligent for that reason alone. How this erroneous instruction failed to affect the "substantial rights" of the defendant has not been explained to my satisfaction. The mere fact that in the lengthy instructions the overwhelming majority were correct does not rectify the egregious error that was focused on the particular item of purported negligence—the failure to signal for one hundred feet.

It was error in this case to attempt to apply the portion of the statute the requirements of which, under the circumstances, could not be followed by a motorist. It was error to define, as did the judge in this case, the violation of sec. 343.34(1)(b), Stats., as negligence per se. It was error, as the majority has determined, to in any way intimate that Betchkal, by the defendant's negligence, became the transferee or the beneficiary of whatever right-of-way Willis had.

While I do not consider the gender references in the instructions to be prejudicial error, I comment on them because the failure to state properly the gender of the parties might well lead to jury confusion. This court has emphasized that jury instructions are to reflect the facts of the particular case. Nevertheless, the trial judge told the jury that the instructions were written using masculine pronouns and that the pronouns would not be changed to the feminine when referring to Bernita Willis. The judge then instructed the jury that "whenever he, his or him is

191

used in these instructions, it may refer either to the plaintiff, Ryan Betchkal, or the defendant, Bernita Willis, whichever is appropriate for the particular instruction." Compounding the gender confusion, the trial judge then proceeded to violate his own instructions. Sometimes "he" in the instructions refers only to the male plaintiff or only to the female defendant or to both parties; sometimes "he or she" is used; sometimes "they" or "one" refer to one party and sometimes to both parties; and other times "she" and "her" refer to the female defendant.

The instructions were replete with significant and prejudicial errors warranting, as the court of appeals found, a new trial.

I am authorized to state that JUSTICES ABRAHAMSON and STEINMETZ join in this dissent.