STATE of Wisconsin, Plaintiff-Respondent,†

v.

George C. LOHMEIER, Defendant-Appellant.

Court of Appeals

*No. 94–2187–CR. Oral argument July 12, 1995.—Decided August 16, 1995.*

(Also reported in 538 N.W.2d 821.)

† Petition to review granted.

433

On behalf of the defendant-appellant, the cause was submitted on the briefs and oral argument of *Dennis P. Coffey* of *Coffey, Coffey & Geraghty* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, Attorney General, and *William C. Wolford*, assistant attorney general. Oral argument was by *William C. Wolford*.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.   George C. Lohmeier appeals from a judgment of conviction for two counts of homicide by intoxicated use of a vehicle contrary to § 940.09(1)(a), STATS., two counts of homicide by prohibited alcohol concentration contrary to § 940.09(1)(b) and two counts of hit and run causing death contrary to §§ 346.67 and 346.74(5), STATS. We conclude that § 940.09(2) does not violate the Equal Protection Clause and therefore affirm the conviction in part. However, because we conclude that the jury instruction on contributory negligence deprived Lohmeier of his affirmative defense of intervening cause, we reverse and remand for a new trial.

In June 1993, Lohmeier struck Renee Belair and Staci Rogers with his car as the girls were walking along the road where Lohmeier was driving. Trial testimony revealed that Lohmeier's blood alcohol content was 0.186%. Michael Sugrue, an eyewitness, told the police that he observed through his rear view mirror Lohmeier's vehicle strike the two girls. Sugrue testified that when he passed the girls, "[t]hey were walking towards me on the other side of the road. One was in the road, probably a couple of feet off of the road. One of them was like on the edge of the road about half on, half off." He further testified that Lohmeier's car was "kind of far over on the edge of the road" toward the ditch line. One of the victims died at the scene and the other victim died later at the hospital.

Lohmeier was charged with, among other things, homicide by intoxicated use of a vehicle, contrary to § 940.09(1)(a) and (b), STATS. At trial, Lohmeier presented the testimony of an accident reconstructionist that the victims had been on the road, rather than

on the shoulder. This testimony was intended to support his defense that the accident would have occurred even if Lohmeier had been exercising due care in the operation of his vehicle.

At the conclusion of trial, over Lohmeier's objection, the court allowed the following jury instruction offered by the State: "You are further instructed as to these four counts that it is no defense to a prosecution for a crime that the victim may have been contributorily negligent." The jury subsequently found Lohmeier guilty of two counts of homicide by the intoxicated use of a vehicle, two counts of homicide by a prohibited alcohol concentration and two counts of hit and run causing death. Lohmeier appeals.

■

Lohmeier argues that § 940.09(2), STATS., violates the Equal Protection Clauses of the Wisconsin and United States Constitutions. The constitutionality of a statute is a question of law which we review de novo. *See Bachowski v. Salamone*, 139 Wis. 2d 397, 404, 407 N.W.2d 533, 536 (1987).

■

Initially, it is important to note the familiar proposition that "constitutional challenges to a statute must overcome a strong presumption of constitutionality." *State v. Thiel*, 188 Wis. 2d 695, 706, 524 N.W.2d 641, 645 (1994). A party attacking a statute on constitutional grounds has the burden of proving that the statute is unconstitutional beyond a reasonable doubt. *Wisconsin Bingo Supply & Equip. Co. v. Wisconsin Bingo Control Bd.*, 88 Wis. 2d 293, 301, 276 N.W.2d 716, 719 (1979).

Lohmeier asserts that § 940.09(2), STATS.,[1] violates the Equal Protection Clauses of the state and federal constitutions because it creates a distinct classification of citizens and treats the class significantly different than others similarly situated. He argues that § 940.09(2) places the burden of proof on the defendant to prove an affirmative defense, while a defendant prosecuted for first-degree intentional homicide under § 940.01, STATS.,[2] does not have the burden of proof to prove the affirmative defenses under that section.

---

[1] Section 940.09, STATS., provides, in part:

**Homicide by intoxicated use of vehicle or firearm.** (1) Any person who does any of the following is guilty of a Class C felony:

(a) Causes the death of another by the operation or handling of a vehicle while under the influence of an intoxicant.

(b) Causes the death of another by the operation or handling of a vehicle while the person has a prohibited alcohol concentration, as defined in s. 340.01(46m).

. . . .

(2) The defendant has a defense if he or she proves by a preponderance of the evidence that the death would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant or did not have a blood alcohol concentration described under sub.(1)(b) or (bm) or (1g)(b).

[2] Section 940.01, STATS., provides:

**First-degree intentional homicide.** (1) OFFENSE. Except as provided in sub. (2), whoever causes the death of another human being with intent to kill that person or another is guilty of a Class A felony.

(2) MITIGATING CIRCUMSTANCES. The following are affirmative defenses to prosecution under this section which mitigate the offense to 2nd-degree intentional homicide under s. 940.05:

(a) *Adequate provocation.* Death was caused under the influence of adequate provocation as defined in s. 939.44.

(b) *Unnecessary defensive force.* Death was caused because the actor believed he or she or another was in imminent danger of death or great bodily harm and that the force used was necessary to defend the endangered person, if either belief was unreasonable.

438

In *Milwaukee Brewers v. DHSS*, 130 Wis. 2d 79, 90, 387 N.W.2d 254, 259 (1986), the supreme court stated that there are two threshold questions to resolve before reaching the fundamental equal protection issue: (1) did this legislation create a distinct classification of citizens; and, if so, (2) did this legislation treat the class significantly differently from all others similarly situated. We apply these questions to the present case.

Under the circumstances of this case, we do not reach the equal protection issue. We answer the first question articulated in *Milwaukee Brewers* affirmatively. Section 940.09, STATS., creates a distinct class of citizens—those people who cause a death by operation of a motor vehicle while intoxicated. Lohmeier, however, has not satisfied the second threshold question that the legislation treats the class significantly differently from all others similarly situated. We conclude that people charged with first-degree intentional homicide are in a different situation than those charged with homicide by intoxicated use of a vehicle.

As articulated by the State, the only similarities between the two statutes are that they involve death and incorporate a statutory affirmative defense.

---

(c) *Prevention of felony.* Death was caused because the actor believed that the force used was necessary in the exercise of the privilege to prevent or terminate the commission of a felony, if that belief was unreasonable.

(d) *Coercion; necessity.* Death was caused in the exercise of a privilege under s. 939.45(1).

(3) BURDEN OF PROOF. When the existence of an affirmative defense under sub. (2) has been placed in issue by the trial evidence, the state must prove beyond a reasonable doubt that the facts constituting the defense did not exist in order to sustain a finding of guilt under sub. (1).

Unlike homicide by intoxicated use of a vehicle where no mental element need be shown,[3] first-degree intentional homicide requires a showing of intent to kill. Section 940.09, STATS., requires a showing of the defendant's use of a vehicle or firearm while under the influence of an intoxicant—§ 940.01, STATS., does not. Additionally, if a defendant establishes an affirmative defense under § 940.01, the offense is mitigated to a lesser charge. In contrast, if a defendant establishes an affirmative defense under § 940.09, he or she is acquitted.

Another reason why the defendants in an intentional homicide case are not similarly situated with intoxicated drivers is that intentional homicide defendants have affirmative defenses which can disprove an element while intoxicated drivers have an affirmative defense which can establish a finding of fact. In *State v. Loomer*, 153 Wis. 2d 645, 651, 451 N.W.2d 470, 472 (Ct. App. 1989), this court stated:

> A State may constitutionally place a burden of proof upon a defendant with respect to a question of fact so long as the defense is affirmative and does not attack an element of the crime. Therefore, there was no constitutional error in assigning the burden to Loomer with respect to his affirmative defense of intervening cause and no constitutional error in so instructing the jury.

All of the affirmative defenses to an intentional homicide go to an element of the crime, namely, intent. Also,

---

[3] "The legislature has determined that combining the operation of a motor vehicle with being in an intoxicated state is conduct which is *malum prohibitum* and is pervasively antisocial." *State v. Caibaiosai*, 122 Wis. 2d 587, 593, 363 N.W.2d 574, 577 (1985).

since the State has to prove intent anyway, it is in the best position to disprove the affirmative defenses going to negate the intent element. *See State v. Buelow*, 122 Wis. 2d 465, 471, 363 N.W.2d 255, 259 (Ct. App. 1984) (listing the five considerations for placing the burden of proof on a party; it is "fair" to place the burden on a party who has the ultimate burden to prove an element anyway). In contrast, in the present case, the question to be resolved is one of fact, i.e., was there negligence on the part of the victims and was that negligence the intervening factor in the accident.

We therefore conclude that because defendants who commit crimes under § 940.01, STATS., and § 940.09, STATS., are not similarly situated, we need not reach the Equal Protection Clause issue.

Next, Lohmeier argues that "the trial court erred by instructing the jury that contributory negligence on the part of the victims could not be relied on to support the affirmative defense." As long as jury instructions fully and fairly inform the jury of the law applicable to the particular case, the trial court has discretion in deciding which instructions will be given. *Farrell v. John Deere Co.*, 151 Wis. 2d 45, 60, 443 N.W.2d 50, 54 (Ct. App. 1989). Whether there are sufficient facts to allow the giving of an instruction is a question of law which we review de novo. *Id.*

In reviewing jury instructions, we are required to consider the instructions as a whole and in their entirety. *Betchkal v. Willis*, 127 Wis. 2d 177, 187-88, 378 N.W.2d 684, 689 (1985). Furthermore, where a trial court has erroneously given an instruction, a new trial is not warranted unless the error is determined to be prejudicial. *Id.* at 188, 378 N.W.2d at 689. "The test

to be applied in determining whether such an error is prejudicial is the probability and not mere possibility that the jury was misled thereby." *Id.* (quoted source omitted).

It is negligence per se to operate a motor vehicle while intoxicated. *State v. Caibaiosai*, 122 Wis. 2d 587, 595, 363 N.W.2d 574, 578 (1985). Section 940.09(2), STATS., however, provides an affirmative defense for homicide by intoxicated use of a vehicle. According to *Caibaiosai*, 122 Wis. 2d at 596, 363 N.W.2d at 578, sub. (2) provides a defense for the situation where there is an intervening cause between the intoxicated operation of the vehicle and the death of an individual. An "intervening cause" has been defined as "a new and independent force which breaks the causal connection between the original act or omission and the injury, and itself becomes the direct and immediate cause of the injury." *State v. Turk*, 154 Wis. 2d 294, 296, 453 N.W.2d 163, 164-65 (Ct. App. 1990) (quoted source omitted).

At trial, the court twice gave the jury an instruction on Lohmeier's affirmative defense:

> If you are satisfied beyond a reasonable doubt that the defendant caused the death of Stacie Rogers and Renee L. Belair by operating a vehicle while the defendant was under the influence of an intoxicant, you must determine whether the defendant has a defense to this crime by considering the following: Would the death of Stacie Rogers and Renee L. Belair have occurred even if the defendant had been exercising due care and had not been under the influence? Wisconsin law provides that it is a defense to the crime charged in this case if you are satisfied to a reasonable certainty by a greater weight of the credible evidence that the death would

442

have occurred even if the defendant would have been exercising due care and had not been under the influence. The defendant bears the burden of proof that the death would have resulted even had he not been intoxicated and had been exercising due care. . . . If you are satisfied to a reasonable certainty by the greater weight of the credible evidence that the death of Stacie Rogers and Renee L. Belair would have occurred even if the defendant had been exercising due care and had not been under the influence, then you must find the defendant not guilty.

The trial court also gave the seemingly inconsistent instruction: "You are further instructed as to these four counts that it is no defense to a prosecution for a crime that the victim may have been contributorily negligent."

We agree with Lohmeier that under the circumstances of this case, the court's jury instruction on contributory negligence effectively denied Lohmeier his defense. Here, the victims' contributory negligence in walking in the roadway, or stepping out into the roadway as Lohmeier's car approached, as alleged by the defense, could have risen to the level of intervening cause, making it impossible for Lohmeier to avoid the accident.[4] This was a question for the jury to decide.

---

[4] WAYNE R. LaFAVE AND AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 5.11(c) (1986), provides:

[I]t has been frequently held . . . that it is no defense to a charge of manslaughter or reckless homicide arising out of defendant's operation of an automobile that the deceased driver or pedestrian was also negligent.

This is not to say, however, that negligence by the victim is inadmissible in a criminal prosecution. As discussed earlier, such negligence may have a bearing upon the issue of whether the defendant's conduct was the proximate cause of the injury, and it is also

*See Caibaiosai*, 122 Wis. 2d at 600, 363 N.W.2d at 580 (stating that when any exonerating evidence is received tending to show that the death would have occurred even if the defendant had not been intoxicated, trial judges have a duty to so instruct the jury).

By giving the instruction that contributory negligence can never be a defense, the jury was essentially told that the girls' actions could not be considered. We conclude that as a result of this error, there exists a probability that the jury was misled. Therefore, the prejudice to Lohmeier requires a new trial.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

---

significant in determining whether the defendant was criminally negligent. For these reasons, *it would be incorrect for the trial judge to instruct that the victim's negligence is totally immaterial on all aspects of the case.* [Emphasis added.]