STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

George C. LOHMEIER, Defendant-Appellant.

Supreme Court

*No. 94–2187–CR. Oral argument September 10, 1996.—Decided November 29, 1996.*

(Also reported in 556 N.W.2d 90.)

185

For the plaintiff-respondent-petitioner the cause was argued by *William C. Wolford*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief by *Dennis P. Coffey* and *Coffey, Coffey & Geraghty*, Milwaukee and oral argument by *Dennis P. Coffey*.

Amicus curiae was filed by *Edward F. Thompson, James P. Martin* and *Clair Law Offices, S.C.*, Delavan for Rosanne Belair, The Victim's Mother.

N. PATRICK CROOKS, J. The State of Wisconsin seeks review of a published decision of the court of appeals,[1] which reversed a judgment of the circuit court for Walworth County, the Honorable James L. Carlson presiding, convicting George C. Lohmeier of two counts of homicide by operation of a vehicle while under the influence of an intoxicant contrary to Wis. Stat. § 940.09(1)(a) (1991-92).[2] The State argues that the circuit court judge did not effectively deny Lohmeier a meaningful opportunity for consideration by the jury of his statutory affirmative defense under Wis. Stat. § 940.09(2), by instructing the jury that "[i]t is no defense to a prosecution for a crime that the victim may have been contributorily negligent." We conclude that in light of the entire proceedings, there does not exist a reasonable likelihood that the contributory negligence instruction, in combination with Wis JI—Criminal 1185, 1186, and 1188, misled the jury into believing it could not consider the conduct of the two young women who were killed in relation to the affirmative defense. Accordingly, we reverse the decision of the court of appeals.

---

[1] *State v. Lohmeier*, 196 Wis. 2d 432, 538 N.W.2d 821 (Ct. App. 1995).

[2] All further references are to the 1991-92 Statutes unless otherwise noted.

## I.

On June 10, 1993, George C. Lohmeier struck Renee Belair and Stacie Rogers with his car as they were walking on Willis Bay Road in Walworth County. Lohmeier left the scene of the collision, but later returned and admitted to police that the vehicle he was driving struck the young women. Police arrested Lohmeier at the scene after he failed a field sobriety test. Lohmeier was subsequently charged with six counts, including two counts of homicide by operation of a vehicle while under the influence of an intoxicant contrary to Wis. Stat. § 940.09(1)(a), two counts of homicide by operation of a vehicle with a prohibited alcohol concentration contrary to Wis. Stat. § 940.09(1)(b), and two counts of hit and run causing death contrary to Wis. Stats. §§ 346.67, 346.74(5).

A jury trial was held November 1 through November 4, 1993. Evidence at the trial indicated Lohmeier's blood alcohol content was 0.186% at the time of the accident. Michael Sugrue testified that as he passed the young women, they were walking toward him on the other side of the road, one on the edge of the road and the other toward the ditch. Three to five seconds after this, Sugrue passed Lohmeier, who was driving in the opposite direction. Sugrue testified that Lohmeier's car was "far over on the edge of the road" toward the ditch line. (R. 51 at 172.) Sugrue watched Lohmeier's car in his rear-view mirror, and said he was surprised Lohmeier was not "getting over" as he approached the young women. (R. 51 at 172-73.) After seeing a white object fly over Lohmeier's car, Sugrue turned around and drove to the site, where he found one of the young women lying in the road. Both young women died as a result of the collision.

At the trial, Lohmeier attempted to establish the statutory affirmative defense of Wis. Stat. § 940.09(2)[3] to the four vehicular homicide counts. In particular, he presented evidence that the young women were walking on the right side of the road as prohibited by statute. *See* Wis. Stat. § 346.28(1). Lohmeier further argued that the young women had moved from the side of the road into the traffic lane, and supported this with evidence that they were hit on the roadway. Lohmeier also presented evidence of similar behavior by the young women on other occasions. In addition, Lohmeier presented the opinion of an expert in accident reconstruction. The expert testified that most people would not have been able to avoid the accident even if they were exercising due care and were not under the influence of an intoxicant. On rebuttal, the State presented expert testimony that a sober person exercising due care could have stopped and avoided striking the young women.

At the conclusion of the trial, the court read Wis JI—Criminal 1185,[4] which provided with respect to Lohmeier's § 940.09(2) defense:

> If you are satisfied beyond a reasonable doubt that the defendant caused the death of Stacie Rogers and Renee L. Belair by operating a vehicle while the defendant was under the influence of an intoxicant, you must determine whether the defendant has a

[3] Section 940.09(2) provides, "The defendant has a defense if he or she proves by a preponderance of the evidence that the death would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant or did not have a blood alcohol concentration described under sub. (1)(b) or (bm) or (1g)(b)."

[4] The court substituted Wis JI—Criminal 1188 for the last two paragraphs of Wis JI—Criminal 1185 and 1886.

189

defense to this crime by considering the following: Would the death of Stacie Rogers and Renee L. Belair have occurred even if the defendant had been exercising due care and had not been under the influence? Wisconsin law provides that it is a defense to the crime charged in this case if you are satisfied to a reasonable certainty by a greater weight of the credible evidence that the death would have occurred even if the defendant would have been exercising due care and had not been under the influence. . . . If you are satisfied to a reasonable certainty by the greater weight of the credible evidence that the death of Stacie Rogers and Renee L. Belair would have occurred even if the defendant had been exercising due care and had not been under the influence, then you must find the defendant not guilty. . . .

(R. 51 at 634-35.) Similarly, the court read Wis JI—Criminal 1186, which relates to the homicide by prohibited alcohol concentration charge, and corresponds in substance with Wis JI—Criminal 1185 regarding Lohmeier's affirmative defense. Immediately following this, the court read the following special instruction[5] over Lohmeier's objection: "You are further instructed as to these four counts that it is no defense to a prosecution for a crime that the victim may have been contributorily negligent." (R. 51 at 639.) The State requested this instruction based on Wis. Stat. § 939.14.[6]

---

[5] The Criminal Jury Instruction Committee has not adopted a pattern jury instruction for contributory negligence, and recommends that no instruction be given. *See* Wis JI—Criminal 926 and comments.

[6] Section 939.14 provides: "It is no defense to a prosecution for a crime that the victim also was guilty of a crime or was contributorily negligent."

The jury subsequently found Lohmeier guilty on all counts. Consistent with Wis. Stat. § 940.09(1m),[7] the court entered a judgment of conviction and sentence for two counts of homicide by intoxicated use of a vehicle under § 940.09(1)(a), as well as two counts of hit and run causing death under §§ 346.67, 346.74(5).[8] The court of appeals reversed in part and remanded, holding that the contributory negligence instruction deprived Lohmeier of a meaningful opportunity for consideration by the jury of his affirmative defense under § 940.09(2), because there existed a "probability" that the jury was misled and therefore did not consider the young women's conduct in regard to Lohmeier's statutory affirmative defense. *Lohmeier*, 196 Wis. 2d at 444.

## II.

■

Initially, we consider the applicable standard of review. Lohmeier's claim is essentially based on due process, because he contends that the circuit court denied him a meaningful opportunity for consideration by the jury of his defense. *See State v. Heft*, 185 Wis. 2d 288, 302-03, 517 N.W.2d 494 (1994). This is a question

The State requested the instruction for the purpose of informing the jury that Lohmeier was not immune from criminal liability simply because the young women were contributorily negligent by walking on the wrong side of the road.

[7] Section 940.09(1m) provides: "If [a] person is found guilty of both sub. (1)(a) and (b). . .for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing. . . ."

[8] The convictions for the two counts of hit and run causing death contrary to §§ 346.67, 346.74(5) are not before this court.

of constitutional fact, which we review de novo. *See id.* at 296.

In addition, in cases involving challenged jury instructions, appellate courts generally apply harmless error analysis to determine whether reversal is required. *See, e.g., State v. Zelenka,* 130 Wis. 2d 34, 387 N.W.2d 55 (1986); *State v. Dyess,* 124 Wis. 2d 525, 370 N.W.2d 222 (1985); *State v. Paulson,* 106 Wis. 2d 96, 315 N.W.2d 350 (1982). However, harmless error analysis is not applicable in this case, because Lohmeier is not contending that the contributory negligence instruction is an erroneous legal statement. Instead, Lohmeier is arguing that the instruction, when coupled with Wis JI—Criminal 1185, 1186, and 1188, was confusing and therefore subject to misinterpretation by the jury. Accordingly, the focus in this case is not whether there was error, and if so, whether it is harmless, because the instruction concededly is not erroneous.

We therefore must determine the proper inquiry for appellate courts to apply when considering whether the interplay of challenged jury instructions violated a defendant's constitutional rights by misleading the jury. Admittedly, the applicable standard is not clear from our previous cases. For example, in *State v. Schulz,* 102 Wis. 2d 423, 307 N.W.2d 151 (1981), we stated, "When a jury charge is given in a manner such that a reasonable juror **could have misinterpreted** the instructions to the detriment of a defendant's due process rights, then the determination of the jury is tainted." *Id.* at 427 (emphasis added). On the other hand, we have also determined that where a defendant argues a challenged jury instruction misled the jury into imposing a lesser burden than reasonable doubt upon the state in a criminal case, the proper standard

is whether there is a **"reasonable likelihood"** that the jury was misled. *State v. Avila*, 192 Wis. 2d 870, 889, 532 N.W.2d 423 (1995) (emphasis added).

We conclude that the proper standard for Wisconsin courts to apply when a defendant contends that the interplay of legally correct instructions impermissibly misled the jury is whether there is a reasonable likelihood that the jury applied the challenged instructions in a manner that violates the constitution. In so doing, we are following the standard set forth by the United States Supreme Court in *Boyde v. California*, 494 U.S. 370, 378-81 (1990), and in *Estelle v. McGuire*, 502 U.S. 62, 72-73 (1991). *See also Victor v. Nebraska*, 511 U.S. 1 (1994); *Williams v. Chrans*, 945 F.2d 926, 938 (7th Cir. 1991), *cert. denied*, 505 U.S. 1208 (1992); *Avila*, 192 Wis. 2d at 889. We find the *Boyde* Court's rationale persuasive, in particular:

> This "reasonable likelihood" standard, we think, better accommodates the concerns of finality and accuracy than does a standard which makes the inquiry dependent on how a single hypothetical "reasonable" juror could or might have interpreted the instruction. . . . Jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might. Differences among them in interpretation of instructions may be thrashed out in the deliberative process, with commonsense understanding of the instructions in light of all that has taken place at the trial likely to prevail over technical hairsplitting.

*Boyde*, 494 U.S. at 380-81. Thus, Wisconsin courts should not reverse a conviction simply because the jury possibly could have been misled; rather, a new trial

should be ordered only if there is a reasonable likelihood that the jury was misled and therefore applied potentially confusing instructions in an unconstitutional manner. Furthermore, in making this determination, appellate courts should view the jury instructions in light of the proceedings as a whole, instead of viewing a single instruction in artificial isolation. *See id.* at 378, 383.

### III.

Before applying the reasonable likelihood standard to the case at hand, we consider the relationship between the § 940.09 affirmative defense and the contributory negligence rule of § 939.14, because this issue understandably caused confusion during the trial. Throughout the proceedings, the parties disputed whether the young women's conduct could constitute the basis for Lohmeier's § 940.09(2) affirmative defense, in light of § 939.14. Likewise, the circuit court indicated it was troubled by this issue, although it ultimately allowed Lohmeier to try to establish the defense based on the young women's actions, and instructed the jury on it.

█

In *State v. Caibaiosai*, 122 Wis. 2d 587, 596, 363 N.W.2d 574 (1985), this court stated that § 940.09(2) "provide [s] a defense for the situation where there is an intervening cause between the intoxicated operation of the automobile and the death of an individual." Although it is correct that § 940.09(2) provides an affirmative defense where there is an intervening cause, this defense can also be understood by focusing on the language of the statute itself, which makes no reference to an intervening cause. Under § 940.09(2), "A defendant has a defense if he or she

proves by a preponderance of the evidence that the death would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant. . . ." With this in mind, we conclude that a victim's conduct can be the basis of the § 940.09(2) affirmative defense. Clearly, situations can arise where, because of the victim's conduct, an accident would have been unavoidable even if the defendant had been driving with due care and had not been under the influence.[9]

Moreover, the § 940.09 affirmative defense is not inconsistent with the contributory negligence rule of § 939.14. It is widely recognized that contributory negligence is not a defense in a criminal prosecution. *See People v. Tims*, 534 N.W.2d 675, 681 (Mich. 1995) (citing several cases following this "universal rule"). Yet, it is important to recognize that this rule has a specific legal meaning. Section 939.14 "makes it clear that the rule sometimes prevailing in civil actions to the effect that a person injured by wrongful conduct has no standing in court if he was in pari delicto or contributorily negligent does not apply to criminal actions." V WISCONSIN LEGISLATIVE COUNCIL JUDICIARY COMMITTEE REPORT ON THE CRIMINAL CODE, at 9 (quoted

---

[9] The "dart-out" fact pattern is an illustrative example of when the defense could be established through the victim's conduct. However, it is worth noting that the affirmative defense would not be applicable simply because a victim did not take a precautionary measure, like wearing a seat belt. In such a case, it cannot be said that the accident would have been unavoidable, even if the defendant was sober and driving with due care. *See State v. Turk*, 154 Wis. 2d 294, 453 N.W.2d 163 (Ct. App. 1990).

in Wis JI—Criminal 926 cmt.);[10] *see also* WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW, § 5.11(c), at 692-93 (1986). In other words, § 939.14 provides that a defendant is not immune from criminal liability simply because the victim may have been negligent as well.

■

However, this rule does not mean that evidence of a victim's negligence is irrelevant in a criminal proceeding. It was relevant here to the affirmative defense, and it is often relevant on the issue of causation. *See, e.g., Tims*, 534 N.W.2d at 681; *State v. Crace*, 289 N.W.2d 54, 59-60 (Minn. 1979); *see also* LaFave & Scott, *supra*, at 692-93. In fact, we implicitly recognized this in *Hart v. State*, 75 Wis. 2d 371, 249 N.W.2d 810 (1977),. when we noted the general rule that contributory negligence is no defense, but went on to indicate that the victim's negligence was relevant to determining whether the defendant's intoxicated driving was a substantial factor in causing the victim's death. *Id.* at 398. Thus, the contributory negligence rule of § 939.14 and the § 940.09 affirmative defense are not inconsistent concepts.

Nevertheless, we recognize that this legal distinction is complex. Accordingly, it would have been

---

[10] During the criminal code revision process of the 1950's, the Wisconsin Legislative Council drafted 1953 Assembly Bill No. 100. The preceding quotation is taken from the comment to proposed § 393.13 of that bill, which provided, "It is no defense to a prosecution for a crime that the victim also was guilty of a crime or was contributorily negligent." This proposed section was adopted verbatim by the legislature in 1955 Wis. Laws 696, and renumbered § 939.14. Accordingly, the comment to proposed § 393.13 is persuasive authority regarding the legislature's intent in enacting § 939.14 .

better practice for the circuit court judge to have given a bridging instruction, explaining the relationship between contributory negligence and the § 940.09(2) affirmative defense. In fact, without a bridging instruction, the contributory negligence instruction was potentially confusing when coupled with Wis JI—Criminal 1185, 1186, and 1188.[11]

We nonetheless find that it is not reasonably likely that the challenged instructions misled the jury into thinking it could not consider the young women's actions in relation to Lohmeier's affirmative defense, in light of the context of the entire proceedings. Specifically, the jurors sat through a four day trial. Nearly all of the evidence presented by Lohmeier related to his affirmative defense. Lohmeier's attorney emphasized in his opening statement and closing argument that the accident would have been unavoidable even if Lohmeier had not been intoxicated and had been driving with due care. Moreover, Lohmeier's attorney never referred to the young women's conduct as contributory negligence, or even negligence for that matter. Furthermore, even the State extensively addressed Lohmeier's affirmative defense in its closing and rebuttal arguments.[12]

---

[11] As we stated in *State v. Dix*, 86 Wis. 2d 474, 486, 273 N.W.2d 250, *cert. denied*, 444 U.S. 898 (1979), "A jury should not be required to guess at the meaning of technical words. . . ." 86 Wis. 2d at 487. Accordingly, in part V, we recommend that the Criminal Jury Instruction Committee adopt a bridging instruction explaining the relationship between contributory negligence and the § 940.09(2) affirmative defense.

[12] The dissent points to a passing reference in the lengthy arguments of the district attorney, wherein he mentions the contributory negligence instruction. His closing and rebuttal

The court then instructed the jury. Initially, the court told the jury, "In applying these instructions, keep in mind the following: First, you should consider all instructions. Second, you should consider the instructions as a whole and apply them to the evidence." (R. 51 at 630; *see* Wis JI—Criminal 100.) The court went on to instruct the jury twice on Lohmeier's affirmative defense. The court specifically told the jury two times, "If you are satisfied to a reasonable certainty by the greater weight of the credible evidence that the death of Stacie Rogers and Renee L. Belair would have occurred even if the defendant had been exercising due care and had not been under the influence, then you must find the defendant not guilty."[13] (R. 51 at 634-35, 638-39.)

After all of this, the court instructed the jury, "[I]t is no defense to a prosecution for a crime that the victim may have been contributorily negligent." (R. 51 at 639.) We find it is not reasonably likely that the jurors would believe this single instruction transformed all of the prior proceedings into a "virtual charade." *See Boyde*, 494 U.S. at 383 (quoting *California v. Brown*, 479 U.S. 538, 542 (1987)). Thus, we conclude that a reasonable likelihood does not exist that the contributory negligence instruction, in combination with Wis JI—Criminal 1185, 1186, and 1188, misled the jury into believing it could not consider the young women's conduct in regard to Lohmeier's statutory affirmative defense.

arguments focused, extensively, on Lohmeier's affirmative defense, not on the instruction.

[13] The second time, the court substituted the phrase "had not had a prohibited alcohol concentration" for "had not been under the influence of an intoxicant." (R. 51 at 638.)

## IV.

Finally, although we also conclude that a new trial is not warranted because it is not reasonably likely that the jury was misled, we nonetheless acknowledge that the contributory negligence instruction is potentially confusing when coupled with Wis JI—Criminal 1185, 1186, and 1188. Therefore, we recommend that the Criminal Jury Instruction Committee adopt a jury instruction that sets forth the law as contained in § 939.14, to the effect that it is no defense to a prosecution for a crime that the victim was contributorily negligent. The instruction also should contain an explanation of this rule, in particular that it means the defendant is not immune from criminal liability merely because the victim may have been negligent as well. *See Hart,* 75 Wis. 2d at 398.

In addition, we recommend that the Committee adopt a bridging instruction to be given when a court gives a contributory negligence instruction along with Wis JI—Criminal 1188, 1185, and/or 1186. The instruction should explain to the jury that although the victim's contributory negligence is not a defense, the jury may consider the acts of the victim in relation to the defendant's § 940.09(2) defense.

It is further recommended that the Committee in its comments caution circuit court judges so that they will not, without clear justification, give a contributory negligence instruction in a criminal case. We conclude that these instructions will clarify the relationship between contributory negligence and the § 940.09(2) defense, preventing possible confusion on this issue in future cases.

In summary, we find that in light of the entire proceedings, there does not exist a reasonable likelihood that the contributory negligence instruction,

in combination with Wis JI—Criminal 1185, 1186, and 1188, misled the jury into thinking it could not consider the young women's conduct in relation to Lohmeier's statutory affirmative defense. Accordingly, we conclude that the circuit court did not, by its instructions to the jury, violate Lohmeier's due process rights by denying him a meaningful opportunity for consideration by the jury of his § 940.09(2) affirmative defense. Nonetheless, we recognize that the contributory negligence instruction is potentially confusing when coupled with Wis JI—Criminal 1185, 1186, and 1188. Thus, we recommend that the Criminal Jury Instruction Committee adopt a contributory negligence instruction that explains the general rule, as well as a bridging instruction detailing the relationship between contributory negligence and the § 940.09(2) affirmative defense.

*By the Court.*—The decision of the court of appeals is reversed.

JANINE P. GESKE, J. (*dissenting*). I dissent because I believe that there is a reasonable likelihood that the contributory negligence instruction, in combination with Wis JI—Criminal 1185 and 1186, misled the jury into believing it could not consider the young women's conduct in regard to Lohmeier's statutory affirmative defense. I would affirm the court of appeals and hold that there is a reasonable likelihood that the contributory negligence instruction misled the jury, for several reasons.

First, the defense essentially conceded these elements of the charges under Wis. Stat. § 940.09(1)(a) and Wis. Stat. § 940.09(1)(b): intoxication, driving, and

death.[1] Therefore, the only real jury question was one of causation. The question posed by the affirmative defense instruction was whether the victims' deaths would have occurred even if the defendant had been exercising due care and was not under the influence of intoxicants. Lohmeier's affirmative defense went directly to causation.

Second, the circuit court never defined the concepts "negligence" and "contributory negligence" for the jury. The jury was told "In weighing the evidence, you may take into account matters of your common knowledge and your observations and experiences in the affairs of life." Wis JI—Criminal 195 Juror's Knowledge. A layperson's view of negligence could be characterized as the careless action of a person, including that of a victim.

Third, the circuit court gave no explanatory instruction to the jury to clarify the relationship between the affirmative defense instruction and the instruction that contributory negligence is not a defense. Without such an explanation, the probability is great that the jurors were misled into disregarding Lohmeier's affirmative defense.

Proper jury instruction is a crucial component of the fact-finding process. *State v. Schulz*, 102 Wis. 2d

---

[1] The jury instruction for Wis JI—Criminal 1185, Homicide by Operation of Vehicle While Under the Influence – Sec. 940.09 (1)(a) reads in part: "The second element requires that the defendant's operation of a vehicle caused the death of Stacie Rogers and Renee L. Belair. 'Cause' means that the defendant's operation of a vehicle was a substantial factor in producing the death. It is not required that the death was caused by any drinking of alcohol or by any negligent or improper operation of the vehicle. What is required is that the death was caused by the defendant's operation of the vehicle."

423, 426, 307 N.W.2d 151 (1981). The jury must determine guilt or guiltlessness in light of the jury charge, and the validity of that determination is dependent upon the correctness of the instructions given. *Schulz*, 102 Wis. 2d at 426-27. In the *Schulz* case, the taint of the faulty jury instruction was critical because there, intoxication was the major, if not the only, defense the defendant had to the charge of first-degree murder. *Id.* at 431. The charge given was not a standard instruction but emphasized, incorrectly, that the defendant had the burden of proof on the defense of intoxication. *Id.* at 432-33. We found in *Schulz* that the jury instructions could have reasonably been misunderstood by the jury to place the burden of proof of intoxication on the wrong party. *Id.* at 435. Such an error violated the defendant's right to a presumption of innocence and to have the state prove beyond a reasonable doubt every essential element of the crime charged against him. *Id.* at 435-36.

I agree with the court of appeals that as long as the given jury instruction fully and fairly informs the jury of the applicable law, the circuit court has discretion in choosing which instruction to give. *State v. Lohmeier*, 196 Wis. 2d 432, 441, 538 N.W.2d 821 (Ct. App. 1995). I also agree with the majority that we consider jury instructions in light of the proceedings as a whole. But the circuit court does not have discretion to give an instruction which clouds or even nullifies the applicable law. And it is precisely by looking at the instructions in context that the harm to the defendant is demonstrated. The pertinent instructions were given in the following order:

-1185 Homicide by Operation of Vehicle While Under the Influence – Sec. 940.09(1)(a).

-1186 Homicide by Operation of Vehicle While Blood Alcohol Content is 0.10% or More – Sec. 940.09(1)(b). (Both jury instructions 1185 and 1186 described the defendant's affirmative defense as set out in Wis JI—1188 Homicide by Intoxicated User of Vehicle, Firearm, or Airgun: Affirmative Defense Under § 940.09(2).)

-A contributory negligence instruction based on Wis. Stat. § 939.14.[2]

The circuit court instructed the jury on the affirmative defense and immediately thereafter instructed the jury that contributory negligence of the victims was not a defense. Unfortunately, the judge did not give any explanation of the relationship between the contributory negligence instruction and Lohmeier's affirmative defense. Based partly on sequence, and primarily on the actual instruction language, it is reasonably likely that the cumulative effect of those instructions was to mislead the jurors. The jurors were misled into believing that the law forbade them to consider the acts of the victims, which may or may not

---

[2] The majority acknowledges that the Criminal Jury Instruction Committee recommends that no contributory negligence instruction be given. Majority op. at 189, n.5. The Committee recognized the very problem present in this case: "The rule as stated is an accurate statement of the law, but can create problems if literally applied. That is, evidence that may indicate negligence on the part of a victim may be relevant to an element of the crime - especially the cause element - or to a defense. In such a situation, the evidence is admissible despite § 939.14." Wis JI—Criminal 926 Comment. Here, of course, the harm to Lohmeier arose not from an evidentiary ruling, but from the confusing juxtaposition of the affirmative defense instructions with the instruction precluding contributory negligence as a defense.

have legally constituted contributory negligence, when they assessed causation.

In *Hart v. State*, 75 Wis. 2d 371, 249 N.W.2d 810 (1977), where the negligence of the victim was undisputed, we stated that the question for the jury was whether, considering the negligence of the victim along with the other circumstances of the case, the negligence of the defendant was nevertheless an operative factor having a substantial effect in producing the victim's death. *Hart*, 75 Wis. 2d at 399. The circuit court below could have said as much in its instructions, but did not.

The very essence of Lohmeier's defense was that it was not his intoxication, but the victims' carelessness in walking in or stepping out into the roadway that was the cause of the accident. As Lohmeier's counsel told the circuit court at the instructions conference,

> "[T]his is not a matter where we are attempting to establish contributory negligence as a defense. What we are saying is that the intervening fact is this movement of the girls. My problem with the instruction is that the legislature gives us the defense (in Wis. Stat. § 940.09(2)) and then if you give that (contributory negligence) instruction you are in essence telling the jury, don't listen to what the Defense has presented."

Mr. Lohmeier's defense did not hinge on whether the girls' actions legally constituted contributory negligence, but rather asserted that their movement onto the roadway was an intervening event.

The record demonstrates that the circuit court itself had doubts as to the clarity of the instructions

proposed.[3] Lohmeier argued at the instructions conference that the two statutes, and the instructions based on them, were not consistent. The circuit court eventually agreed to give the contributory negligence instruction after the affirmative defense instructions, because the affirmative defense concerned causation:

> "I don't really see any error in giving this instruction we are talking about because we are not talking about negligence or contributory negligence, we are talking about cause, nothing to do with negligence. So what has to be established is this independent. You can argue your cause and even if the Court gives this instruction because it releases what I fear to be a problem in assessing the jury, assessing relative wrong here which is not

---

[3] At the instruction conference the court commented on the proposed contributory negligence instruction, "I don't see how you can say that it couldn't be something that the victim did. I don't know. I mean that argument could be made, but I'm not sure I want to inject that in there."

Later, "Because I just don't think – I don't think that this defense was suppose[d] to come up, at least I don't think so anyway. It's not clear to just general contributory negligence of a victim. If that would apply, then that would apply if a drunk driver went off the road and the other driver was going over the speed limit. I don't think that would apply."

After further discussion with counsel the court said, "I really have no doubt that this would be appropriate other than the little specter of a doubt that I have that it's a possibility it could be inconsistent with a defense and the use of the wording in *Caibaiosai* that says the intervening fact may be independent or it may be dependent." Additionally, "I think the cautious thing would be quitely (sic) frankly to not give the instruction and let the attorneys argue it. I think you can argue it."

The circuit court ultimately gave the contributory negligence instruction.

their duty or function, not at all. They must be satisfied that there was some type of cause that excuses responsibility for drinking and causing death. Those are given facts when you give an affirmative defense and may not take simple contributory negligence of a victim. What they have to have is an intervening cause and I think you can argue to that very simply your theories about movement without talking about contributory negligence or being in any way deterred by that. So I think I will give this instruction.

Despite the circuit court's recognition of inconsistency, it failed to instruct the jury that the independent causation defense was not a question of contributory negligence. Although Lohmeier's counsel objected to the contributory negligence instruction, neither counsel offered an explanatory, or bridging, instruction to resolve the inconsistency. The jury was left on its own to sort out these undefined legal terms.

Argument of counsel further clouded the relationship between the affirmative defense and the contributory negligence instruction. The majority notes that Lohmeier's attorney never referred to the young women's conduct as contributory negligence. Majority op. at 196. However, the district attorney's closing argument included these statements:

> Well I guess something that might come to mind is, well, hold it, this is a real world Mr. Koss and we have got girls walking the wrong way on the highway. I imagine everybody knows you don't do that. I agree, but first there's an instruction that says you are not to consider contributory negligence of a victim. It's not a defense. That's by law in Wisconsin. Moreover, and this is crucial, walking facing traffic or not facing traffic, that law is not for

the benefit of the driver. That law is not for the benefit of the driver."

In sum, the circuit court gave the contributory negligence instruction without a proper explanation of the relationship between that instruction and the instruction regarding the affirmative defense. Because I conclude that such an omission was erroneous, and created a reasonable likelihood that the jury was misled into disregarding Lohmeier's affirmative defense, I respectfully dissent. Lohmeier should be granted a new trial. "It may well be that the defendant is guilty of the offense charged against him, but he is entitled to a fair trial according to the established rules of procedure and principles of law." *Boldt v. State*, 72 Wis. 7, 17, 38 N.W. 177 (1888), cited in *Hart v. State*, 75 Wis. 2d 371, 395, 249 N.W.2d 810 (1977)(footnote omitted).

I am authorized to state that Chief Justice Shirley S. Abrahamson and Justice William A. Bablitch join this dissenting opinion.